Roberts *vs.* The State of Georgia.

---

HART ROBERTS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. One who receives stolen goods, knowing them to be stolen, is an accomplice in the larceny, and on his uncorroborated testimony, the defendant cannot be convicted.

2. If he be acquitted of the offense of receiving stolen goods, though the evidence shows them at his store under suspicious circumstances, the jury may well conclude that he is not an accomplice, and · if the question be fairly submitted to them by the presiding judge, this court will not interfere.

3. Light circumstances, such as constant and easy access to the place whence the goods are stolen, the defendant's presence thereabouts when the goods are missed, the fact that he drove a single dray there and that such a dray was seen being unloaded, about the break of day, where the stolen goods were found, may be weighed by the jury as corroborating proof, and if the presiding judge fairly submits that question, this court will not interfere.

4. Evidence that more than $50 00 worth of goods are missed by the owner, at the time of the larceny, from the house, and found where defendant acknowledged he carried them, though it be proved that he converted only a part to his own use, and only a part was recovered by the owner, is sufficient on the question of value to sustain a verdict that defendant stole from the house goods of greater value than $50 00, and is guilty of felony.

Criminal law. Larceny. Evidence. Corroboration. Value. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

Reported in the opinion.

GARTRELL & STEPHENS; THRASHER & THRASHER, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

JACKSON, Judge.

The defendant moved for a new trial in this case on two grounds: 1st. That he was convicted on the testimony of an accomplice without corroborating proof; and 2d. That there is no evidence to sustain the finding of the jury that the stolen goods were worth more than $50 00, so as to make the offense a felony.

The court overruled the motion on both grounds, and defendant excepted and assigns error here thereon.

1, 2. The stolen goods were found at the store of Fain under circumstances of some suspicion against him. He was indicted for receiving stolen goods, knowing them to be stolen, and acquitted. If he had received them, knowing them to have been stolen, he would have been an accomplice; but the question of whether he was or was not an accomplice was fairly submitted to the jury, and they were fully authorized by the testimony to find that he was not.

3. If they found he was an accomplice, still there is, in our judgment, sufficient evidence to corroborate the witness. He had access to the store of Jack, delivered coke which he hauled for him at the back door of the store, drove a single dray, and

such a dray was seen at or about the break of day unloading at Fain's store.   At all events, the two questions, whether he was an accomplice, and if so, whether he was supported by other evidence, were fairly submitted to the jury, and if they found either that he was not an accomplice, or that he was supported, if an accomplice, the verdict is sustained.   They certainly could properly have found the former; for he was acquitted of the offense of receiving stolen goods; they might have found the latter, for there are circumstances, though slight, tending to corroborate Fain's evidence.

4. As to the other ground, that there is no evidence to justify the finding of the value of the goods to be more than $50 00, it is sufficient to say that the barrel of sugar and two barrels of flour acknowledged by defendant to have been carried by him where part was recovered, are worth more than that sum; and though but one barrel of flour was recovered, yet the clerk told Jack several barrels were missing, which testimony was admitted without objection, if it can be called testimony, and Jack himself missed as much as three barrels.

The defendant made his escape from the officer of the law, fled to Alabama, was brought back upon the requisition of the governor; the jury have found him guilty, the presiding judge before whom the trial was had approves the verdict, and we are unwilling to interfere with the verdict of the jury and the discretion of the court.

Judgment affirmed.