EVANS *et al. vs.* THE STATE OF GEORGIA.

Whilst conviction cannot be sustained on the evidence of an accomplice alone, yet slight evidence that the crime was committed by the defendants, identifying them with it, will corroborate his testimony and warrant the finding.

Judgment affirmed. (Head-note by the court.)

December 7, 1886.

JACKSON, Chief Justice.

[Bartow Evans and John K. Simmons were indicted for the larceny of a still, worm and cap. On the trial, the *corpus delicti* was proved. Sam. Simmons, a witness for the State, testified that the defendants and himself stole the property, hid it for a time and then carried it to a place described by him, and set up and operated a still for sometime until the United States deputy marshals broke it up; and that he turned State's evidence to prevent being prosecuted himself. As corroborative of this, it was shown that the owner recovered the stolen cap and worm from the deputy marshals. One witness testified that when one of the owners was looking for the property, the two defend-

ants and Sam. Simmons came to his house; that the Simmonses wanted him to settle the matter and prevent a prosecution; and that Evans did not take part in the conversation. Another testified that after the still was broken up, he was sent by one Tums to John Simmons and Evans to purchase their tubs from them; that Simmons was sick and Evans went with witness to the place where the distillery was, said he owned part of the tubs and made arrangements about their sale.

The evidence for the defendants tended to show that Sam. Simmons alone committed the larceny, set up the still, ran it awhile and then sold it to John K. Simmons; and that Evans had nothing to do with it, but certain tub-staves were borrowed from him and John Simmons and used at the still.

The jury found the defendants guilty.    They moved for a new trial, on the ground that the verdict was contrary to law, evidence and the charge of the court, and on a ground as to refusal to allow time to consult with a witness. The motion was overruled, and defendants excepted.]