5598.   ANGLIN *v.* THE STATE.

1. A judgment of the superior court, sentencing a person convicted of crime, is provable by an extract from the minutes of that court, duly certified by its clerk.
2. Slight evidence identifying the accused with the crime may be sufficient to corroborate the testimony of an accomplice and warrant a verdict of guilty.
3. Whether the evidence in the present case was sufficient for this purpose was a question for the jury; and the trial judge having approved their finding, and it not appearing that any error of law was committed by him, this court can not interfere with the verdict.

DECIDED MAY 14, 1914.

Indictment for aiding escape; from Colquitt superior court— Judge Thomas.   February 28, 1914.

*James Humphreys, Covington & Summerlin, J. A. Dewberry, A. R. Kline,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

ROAN, J.   1.   One of the grounds of the motion for a new trial was that the court erred in admitting in evidence, over the objection of the defendant, an extract from the minutes of the superior court of Newton county, setting out a judgment of that court, sentencing John Hutchens to the penitentiary upon a conviction of burglary, which was duly certified by the clerk of the court; the objection made being that a certified copy of the original sentence was the only proper way to prove it.   The certified extract from the minutes was the legal and proper way by which the conviction and sentence should have been established.   It was admissible as primary evidence of that fact.   The proceedings of the superior court are to be shown "by an extract from the minutes of that court, duly certified by its clerk."   *Bowden* v. *Taylor,* 81 *Ga.* 199 (3), 202 (6 S. E. 277), and citations.

2.   The defendant, Joe Anglin, was indicted for aiding and abetting the escape of two convicts, John Hutchens and William Peeler, both of whom were indicted at the same term of the court

for the offense of escape; and it is contended that the conviction of Anglin rested alone. on the testimony of these two; that there were no circumstances to corroborate their testimony, and therefore the evidence was not sufficient to convict, they being accomplices. If these two witnesses were accomplices of the defendant when they made their escape from the penitentiary, and if there was no corroboration of their testimony by circumstances or other evidence, then the conviction would be contrary to law; but slight circumstances may be sufficient to corroborate, and if the presiding judge fairly submits that question to the jury, this court can not interfere. It is in evidence in this case that Joe Anglin was a trusted guard at the penitentiary where these two convicts were incarcerated, and it was his duty to keep them safely confined as far as he was able. He was entrusted with the keys to two doors, through one or both of which evidently the two witnesses made their escape. They testified that with some little money which they had accumulated during their incarceration, they made up a purse and delivered it to the guard, in order to bribe him to relax his vigilance as a guard and to otherwise aid and abet them in making their escape. In making his statement on the trial he was rambling and incoherent in places, and it is a little difficult to glean exactly what he did claim when making an explanation as to how these two witnesses made their escape. He said: "I went to the closet and got up and walked out the door and I reckon I was there ten or fifteen minutes, and I sat down by the stove and George Hall [a "trusty" convict] spoke to me, 'Getting up,' and I went down and come back, and he said, 'Some of them have gone; do you know it?' and I asked him, 'How did they get out?' and I said, 'Step back there and count them,' and he said, 'No, they are not down there;' and I said, 'Look at the window,' and he said, 'No, they could not get out that way;' and he spoke up about that time and said they must have got out over the wall, and I looked up and saw that it was undone, and I left it open at the time and it was standing open about that much" (indicating the door). This statement was a confession, made freely and voluntarily, that the door that he should have kept locked in order to guard his charges properly, and which he was instructed to keep locked, the key being in his possession, was left open; and while this corroboration of what the witnesses testified to is slight, yet if the corroborating testimony

was sufficient to satisfy the jury that the accomplices had testified truly, the jury were authorized to find a verdict of guilty. The corroboration may be slight, but if the court approves of the verdict on the testimony thus corroborated, this court does not feel authorized to disturb the discretion thus exercised; for the law does not and can not lay down any rule to measure the extent of the corroboration necessary. It must be such as to satisfy the jury and to lead to the inference that the defendant was guilty. Slight evidence that the crime was committed by the defendant, identifying him with it, will corroborate the testimony of an accomplice and warrant a conviction. *Evans* v. *State,* 78 *Ga.* 351; *Roberts* v. *State,* 55 *Ga.* 220; *Chapman* v. *State,* 109 *Ga.* 165 (34 S. E. 369). There are other circumstances that might have been and doubtless were considered by the jury, as corroboration; such as the testimony of Hall, a convict, that he looked out and saw the defendant at the place where he was to stand guard, and at the time he saw him no evidence of his being armed was apparent; yet the evidence in the case shows that he was furnished with arms, and no reason appears why they were not seen upon or about his person at the time the witness Hall saw him.

The crime for which this defendant was charged and convicted is one that strikes at the very foundation of orderly government; and where the guilt of the defendant is made to appear to a reasonable and moral certainty and beyond a reasonable doubt, by evidence, as the law requires, on a fair trial before a court and jury of the vicinage, and that verdict is approved, as in this case, by an able, conscientious, and upright judge, the conviction should not be interfered with, unless errors complained of, affecting the finding, are plainly manifest. No error appears to us in the trial of this case; the jury were authorized to reach the verdict rendered, the presiding judge has approved it, and he did not abuse his discretion in so doing.            *Judgment affirmed.*