### 7433.  BROWN *v.* THE STATE.

BROYLES, J.  1.  Slight evidence that the crime was committed by the defendant will corroborate the testimony of an accomplice and warrant a conviction. *Evans* v. *State,* 78 *Ga.* 351; *Roberts* v. *State,* 55 *Ga.* 220 (3).

(*a*)  While the judge should not charge the jury, as matter of law, that slight evidence is sufficient to corroborate the testimony of an accomplice (*Chapman* v. *State,* 109 *Ga.* 164, 34 S. E. 369), yet as a matter of fact slight evidence *is* sufficient, if it is satisfactory to the minds of the jury. *Rawlins* v. *State,* 124 *Ga.* 31, 49 (52 S. E. 1). The sufficiency of the corroboration is a question solely for the jury. *Sikes* v. *State,* 105 *Ga.* 592 (3), 594 (31 S. E. 567) ; *Rawlins* v. *State,* supra.

(*b*)  In this case the other evidence was such as to authorize the jury to find that it sufficiently corroborated the testimony of the defendant's accomplice.

2.  On the trial of a criminal case, relevant incriminatory evidence which was taken from the person of the accused by one who had illegally arrested him, and which was discovered by a search of the person of the accused while he was under such illegal arrest, is admissible against him.

(*a*)  The admission, against the accused, of evidence so obtained does not contravene the constitutional provision that "no person shall be compelled to give testimony tending in any manner to criminate himself." Nor does it violate the constitutional prohibition of unreasonable searches and seizures. *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42) ; s. c. 144 *Ga.* 679 (87 S. E. 893).

3.  The verdict is supported by the evidence, and there was no error in refusing a new trial.   ·                              *Judgment affirmed.*

·  DECIDED JUNE 26, 1916.

Indictment for burglary; from Fulton superior court—Judge Benjamin H. Hill.   April 15, 1916.

*Tillou Von Nunes,* for plaintiff in error.

*Hugh M. Dorsey,* solicitor-general, *E. A. Stephens, J. W. Le-Craw,* contra.