### 11141.  THOMPSON *v.* THE STATE.

BROYLES, C. J.  1. Under the ruling made in *Childers* v. *State,* 52 *Ga.* 106, and repeatedly approved and followed by the Supreme Court and this court, a defendant in a felony case can not be lawfully convicted on the testimony of an accomplice unless that testimony is corroborated by other evidence which in itself,. and independently of the testimony of the accomplice, directly connects the defendant with the crime, or leads to the inference that he is guilty. *Stokes* v. *State,* 19 *Ga. App.* 235 (91 S. E. 271), and cit.

2. Slight evidence corroborating the testimony of an accomplice may be sufficient to authorize the jury to find the accused guilty, and the sufficiency or weight of the corroborating evidence is a question solely for them; and where there is *any* evidence which in itself and independently of the accomplice's testimony directly connects the defendant with the crime or raises an inference of his guilt, the finding of the jury (if approved by the judge), that the testimony of the accomplice was sufficiently corroborated, will not be set aside by this court. *Brown* v. *State,* 18 *Ga. App.* 288 (89 S. E. 342), and cit. However, in a case where the record discloses *no evidence whatever* that in itself and independently of the testimony of the accomplice directly connects the defendant with the crime or raises an inference of his guilt, the finding of the jury that the testimony of the accomplice was sufficiently corroborated is, as a matter of law, unauthorized, and the judgment refusing a new trial will be reversed.

3. Under the above rulings and the facts of the instant case, the court erred in overruling the defendant's motion for a new trial.

*Judgment reversed.  Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 3, 1920.

Indictment for burglary; from Franklin superior court — Judge W. L. Hodges.  November 29, 1919.

*W. B. Sloan,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.