*E. S. Taylor, solicitor-general, J. E. Kelly,* contra.

---

### 12565. EVANS *v.* THE STATE.

1. There is no error in the instructions defining a "reasonable doubt," or in those relating to corroboration of an accomplice, of which complaint is made in the motion for a new trial.

2. "The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it · can not be said, as a matter of law, that the verdict is contrary to the evidence."

DECIDED JULY 26, 1921.

Indictment for burglary; from Taliaferro superior court — Judge Shurley. May 30, 1921.

*J. A. Mitchell,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J. 1. The court · did not err in charging the jury: (*a*) "A reasonable doubt is such a doubt as would arise in the mind of an honest juror seeking to do his duty, seeking the truth of the transaction, seeking to do justice between the State and the accused, and would not be such a doubt as would arise in the mind of a dishonest juror or [one] who would go into the jury-box for the purpose of discharging the defendant." (*b*) "I charge you that it is not essential that the testimony shall of itself be sufficient to warrant a verdict of guilty, — that is, corroborating evidence, or that the corroborating testimony of the accomplice shall be corroborated in every particular, but [it] is necessary, in

addition to the corroboration of an accomplice, that the testimony shall be of itself sufficient to raise the inference of the defendant's guilt, and sufficient to connect the defendant with the perpetration of the crime and tend to show his guilt; and the sufficiency of the corroboration is a question for you to determine."

2. The chief witness against plaintiff in error was his co-indictee, who, in the briefs of counsel for both the State and the defendant, is admitted to be an accomplice. In *Hargrove* v. *State,* 125 *Ga.* 274 (54 S. E. 166), Justice Evans said: "It is necessary that the testimony of an accomplice be corroborated by evidence connecting the defendant with the perpetration of the offense, in order to authorize a conviction. It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. *Taylor* v. *State,* 110 *Ga.* 151; *Dixon* v. *State,* 116 *Ga.* 186. Slight evidence from an extraneous source, identifying the accused as a participator in the criminal act, will be sufficient corroboration of the accomplice to support a verdict. *Evans* v. *State,* 78 *Ga.* 351; *Roberts* v. *State,* 55 *Ga.* 220. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence. *Chapman* v. *State,* 109 *Ga.* 165." The conviction in the case under consideration "is founded on slight evidence of corroboration connecting the defendant with the crime," and, the jury by their verdict having said that this corroboration was sufficient to authorize a conviction, and their fiinding having been approved by the trial judge, this court can not, as a matter of law, say that the verdict is contrary to the evidence. See also *Anglin* v. *State,* 14 *Ga. App.* 566 (81 S. E. 804).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*