## 14777.　LITTLE *v.* THE STATE.

Slight evidence identifying the accused with the crime may be sufficient to corroborate the testimony of an accomplice and warrant a verdict of guilty; and, the trial judge in this case having approved the verdict

on such evidence, this court will not disturb the verdict because of alleged insufficiency of evidence.

DECIDED NOVEMBER 14, 1923.

Burglary; from Putnam superior court—Judge Park.  May 25, 1923.

*Callaway & DeJarnette,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

BLOODWORTH, J.  The motion for a new trial contains the general grounds only.  In the order overruling the motion for a new trial the judge said: "The motion for a new trial is based upon the general grounds, and there is sufficient legal evidence, as set forth in the brief of evidence, to corroborate the testimony of the accomplice, Arthur Bailey, to authorize the conviction of the defendant."  We think the conclusion reached by the trial judge is correct.  In *Anglin* v. *State,* 14 *Ga. App.* 566 (81 S. E. 804), Judge Roan (p. 568) said: "The corroboration may be slight, but if the court approves of the verdict on the testimony thus corroborated, this court does not feel authorized to disturb the discretion thus exercised; for the law does not and cannot lay down any rule to measure the extent of the corroboration necessary.  It must be such as to satisfy the jury and to lead to the inference that the defendant was guilty.  Slight evidence that the crime was committed by the defendant, identifying him with it, will corroborate the testimony of an accomplice and warrant a conviction. *Evans* v. *State,* 78 *Ga.* 351; *Roberts* v. *State,* 55 *Ga.* 220; *Chapman* v. *State,* 109 *Ga.* 165 (34 S. E. 369)."  See *Evans* v. *State,* 27 *Ga. App.* 316 (2), 317 (2) (108 S. E. 129).

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*