22028.   BRADSHAW *v.* THE STATE.

DECIDED FEBRUARY 17, 1932.

*Strickland & Gillen,* for plaintiff in error.

*Henry H. West, solicitor-general,* contra.

LUKE, J.   The indictment charges Cleveland Bradshaw, Wilburn Jackson, and Vernon Rogers with burglary.   Bradshaw was tried separately and convicted.   His exception is to the judgment overruling his motion for a new trial.

From undisputed evidence, it appears that, at about nine o'clock on the night of March 20, 1931, in Clarke county, the store-house of Rogers Incorporated was burglarized and numerous articles of merchandise of value were taken therefrom.   It also appears, from the defendant's statement, that he and Wilburn Jackson and Vernon Rogers were drinking "canned heat" together in close proximity to said store-house at about the time it was burglarized.   Officer T. H. Hall testified, in substance, that he and officer Henry Smith found the defendant and Vernon Rogers in a one-horse wagon about an hour after said burglary and "hollered to them two or three times," but that the mule drawing the wagon trotted on until "we moved in on them with the car and made them stop;" that the defendant was "driving the wagon;" that "they had two thirds of the stuff taken out of Rogers store in the wagon;" that the defendant had nothing in his pockets except a "can of heat;" that the defendant cursed Rogers vilely and told him that "he had better not tell anything;" that, after they reached the city hall, the defendant again cursed Rogers, and said, "If you tell anything on me, when I get out of it I will kill you;" and that Rogers' hand was bleeding and witness thought there was some blood on the groceries in the wagon.   Officer Henry Smith testified substantially as did the witness Hall.   He swore also that both the defendant and Rogers had been drinking, but that they were not drunk; and that he heard defendant say to Rogers:  "Don't tell that I had anything to do with it— if you do I am going to kill you."   Vernon Rogers testified, in substance, that he and the defendant "came to town" in Mr. Shackleford's wagon; that they saw Wilburn Jackson, and, at the defendant's request, witness got some "canned heat," which the three of them drank; that the defendant then told witness that if he would break the window in the Rogers store, he, the defendant, would get "some money and a whole lot of other stuff;" that witness did

break the glass in said window, and the defendant "went back down there;" that witness drove the wagon "on up the other side of Crawford's hatchery, and in a few minutes he came back with an armful of stuff and threw it in the wagon;" that the defendant made two trips back to the store; that witness cut his hand when he "hit the glass;" and that Jackson merely furnished some of the money to buy the "canned heat" with, but had no part in the commission of the offense. Wilburn Jackson testified, in effect, that the defendant did not say anything to Rogers about breaking into the store, and that Rogers, and not the defendant, was the person who brought the groceries to the wagon. In his statement to the jury the defendant said that Rogers put the groceries in the wagon, but that he, the defendant, was not guilty. Referring to the mule he was driving on the day in question, the defendant said: "I went down to feed my little mule." The defendant said also in his statement: "The bundles he put in my wagon, they tell me came out of Rogers' store. When one of the hands who goes with me buys anything I am supposed to bring it back."

■ To sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating circumstances which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty. *Stokes* v. *State,* 19 *Ga. App.* 235 (91 S. E. 271), citing the principal case of *Childers* v. *State,* 52 *Ga.* 106. See also *Jolly* v. *State,* 41 *Ga. App.* 494. In *Chapman* v. *State,* 112 *Ga.* 56 (2) (37 S. E. 102), the rule is stated in this language: "To warrant a conviction of a felony upon the corroborated testimony of an accomplice, the corroborating evidence need not be in and of itself so strong as to support a verdict of guilty, but it must be sufficient to connect the accused with the perpetration of the offense and lead to the inference of his guilt, and more than sufficient to raise a mere suspicion." "Slight evidence that the crime was committed by the defendant will corroborate the testimony of an accomplice and warrant a conviction." See *Brown* v. *State,* 18 *Ga. App.* 288 (89 S. E. 342), citing *Roberts* v. *State,* 55 *Ga.* 220 (3), and *Evans* v. *State,* 78 *Ga.* 351. See also *Chapman* v. *State,* 109 *Ga.* 157, 164 (34 S. E. 369) ; *Anglin* v. *State,* 14 *Ga. App.* 566 (2) (81 S. E. 804) ; *Davis* v. *State,* 25 *Ga. App.* 532 (2) (103 S. E. 819) ; *Little* v. *State,* 31 *Ga. App.* 145 (120 S. E. 33). "The

sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence." *Evans* v. *State,* 27 *Ga. App.* 316 (2), quoting from *Chapman* v. *State,* supra. We do not agree with counsel's earnest insistence that the verdict is illegal because, as alleged, it rests solely upon the uncorroborated testimony of an accomplice, and we hold that the trial judge did not err in overruling the general grounds of the motion for a new trial. The first ground of the amendment to the motion for a new trial, numbered 4, is merely an elaboration of the general grounds.

■ Ground 5 merely sets out an excerpt from the charge of the court defining principals in the first and second degree in the language of the Penal Code (1910), § 42, without comment or assignment of error thereon. Obviously the ground is too incomplete for the consideration of this court.

■ Ground 6, complaining that a charge upon principals in the second degree was not warranted by the evidence is too incomplete for consideration, for the reason that it can not be passed upon without reference to other parts of the record. The ground itself discloses no error.

■ Ground 7 complains that the evidence (none of which is set out in the ground) fails to support a correct charge upon the law governing the testimony of accomplices in felony cases. The ground is not valid.

■ Ground 8 complains that the court erred in failing, without request, to elaborate a correct charge upon the effect of the recent possession of the goods taken from the burglarized store. The ground is not good.

Grounds 9 and 10 are abandoned. In conclusion, we hold that the trial judge did not commit reversible error for any reason assigned.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*