## 29449. KILGORE *v.* THE STATE.

DECIDED MAY 2, 1942. REHEARING DENIED MAY 21, 1942.

*Willis Smith, Emmett Smith, C. B. McGarity,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general, W. A. Foster Jr.,* contra.

GARDNER, J. The defendant was convicted of incest with his unmarried daughter who was about twenty years of age. It would serve no good purpose to enter into a detailed discussion of the most horrible and sordid details which the daughter related and which she contended covered a period of several years. The controlling issue is whether or not the testimony of the daughter was

sufficiently corroborated. The only other exception is to the following charge of the court: "Gentlemen of the jury, the indictment in this case has been read to you once, and you will have it out with you and you can refer to it as often as you see proper to understand the charge that the State makes against the defendant." The court elsewhere in the charge instructed the jury fully as to the burden of proof, the presumption of innocence, and the degree of evidence necessary to convict. There is no merit in this contention.

As to the sufficiency of the supporting or corroborating evidence, we deem it unnecessary to detail this. In *Salter* v. *State,* 163 *Ga.* 80 (135 S. E. 408), a rape case, the Supreme Court approved the following charge: "To corroborate means to confirm, or to substantiate, or to support. . . . Circumstances are facts or things standing around or about some central fact. . . 'Corroborating circumstances,' in ordinary language, would mean the surrounding or attending facts." Also, slight evidence that the crime was committed by the defendant will corroborate the accomplice and warrant conviction. *Evans* v. *State,* 78 *Ga.* 351; *Anglin* v. *State,* 14 *Ga. App.* 566 (81 S. E. 804); *Brown* v. *State,* 18 *Ga. App.* 288 (89 S. E. 342); *Little* v. *State,* 31 *Ga. App.* 145 (120 S. E. 33); *Williams* v. *State,* 40 *Ga. App.* 217 (2) (149 S. E. 292); *Sheppard* v. *State,* 44 *Ga. App.* 481 (162 S. E. 413); *Bradshaw* v. *State,* 44 *Ga. App.* 783 (163 S. E. 295). Corroborating testimony need not of itself be sufficient to warrant conviction, and need not be corroborating in every material point. It must, however, raise an inference of the defendant's guilt, independently of the testimony of accomplice. *Rice* v. *State,* 16 *Ga. App.* 128 (84 S. E. 609). As to the corroborating testimony in this case, we have evidence from more than one source of the defendant's depraved and perverted state of mind; of his having had illicit relations with his sister-in-law to the extent that prosecution was begun and he was forced to leave his county; that he sought to impose himself on a neighbor's daughter of tender years who had been intrusted to his keeping.

Beginning with this depraved bent of his mind but magnifies the unnatural treatment of his own daughter as related by her brother, her sister, and by the defendant himself. This conduct was repeated, year after year, day after day, and several times a day; he taking her in a room, closing the door, and administering

unmerciful, unjustified, and inhuman treatment to the extent that she would weep and become nervous and sick. On most of these occasions the defendant would wait until his wife, the daughter's mother, would be away from the house. The girl testified not only as to these incidents but that she reported this conduct of her father to her mother again and again. The writer feels that the defendant in his statement furnished sufficient corroboration that she did this. We quote from the statement: "She would tell my wife stories. I have told my wife to watch and see that I didn't mistreat her, and see what she would tell her when she came back; and she told things on me and kept a row in the home nearly two years. She would keep a row between me and my wife; get up a row between us, and then get back out there and laugh at us about it. It would make me mad and I couldn't help whipping her once in a while." Of course, the defendant exculpated himself in his statement to the effect that his daughter persisted in disobeying him with reference to her conduct in entertaining young men to whose visits the defendant objected. But, under the whole record of this case, we are satisfied that the jury was warranted in disbelieving this phase of the defense. While it is the duty of this court to determine, as a matter of law, whether there is any corroborating testimony, yet, when there is any, its sufficiency is a jury question. *Brown* v. *State,* 18 *Ga. App.* 288 (supra).

The jury was authorized to return a verdict of guilty, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., concurs.*

MacIntyre, J., dissenting. I do not think the testimony of the defendant's daughter, with whom the defendant was alleged to have had illicit intercourse, was sufficiently corroborated. *Solomon* v. *State,* 113 *Ga.* 192 (38 S. E. 332). "To warrant a conviction based upon the testimony of an accomplice, 'the corroborating circumstances should be such as, independently of her testimony, to lead to the inference that the defendant is guilty. Facts which merely cast on the defendant a grave suspicion of guilt are not sufficient.' The rule on this subject was clearly laid down in the case of *Childers* v. *State,* 52 *Ga.* 106." *Taylor* v. *State,* 110 *Ga.* 150, 154 (35 S. E. 161). While the statements of the daughter relating to the criminal intimacy which took place, and her testimony that she reported these acts to her mother, were admis-

sible, yet I do not think her testimony that she told her mother thereof can be regarded as affording the kind of corroboration which the law makes necessary to support the testimony of an accomplice. If another witness, instead of the accomplice, had testified to these same facts, a different rule would apply. "Beyond question, the corroboration of an accomplice must come from a source or sources other than his or her own testimony. Were it otherwise, the rule as to corroboration would obviously be nugatory and worthless." *Taylor* v. *State,* supra. Nor do I think the testimony of Miss Leona Pierce, the defendant's sister-in-law, that he had had sexual intercourse with her in the summer of 1937, and the testimony of Ruby Bohannon that the defendant had made indecent proposals to her, were sufficient to connect the defendant directly with the crime charged. Evidence of such acts was admissible only for a special purpose, and did not sufficiently corroborate the testimony of the defendant's daughter. Also, Dr. J. I. Simmons testified that he had examined the victim on the Saturday before the Wednesday the defendant was arrested and that she was in a highly nervous condition, but he did not connect her condition in any way with the alleged criminal act of the defendant, and this was not sufficient to corroborate the victim's testimony.

The majority opinion quotes from the defendant's statement which seems to corroborate the victim's testimony. However, when the portion of the defendant's statement immediately preceding the portion quoted is considered in connection with that quoted it is clear that when the defendant stated "I have told my wife to watch and see that I didn't mistreat her," he was referring to whipping her, and not to the acts charged. I quote from the defendant's statement as follows: "I whipped her several times for going with him [Raymond Carroll, who, defendant had been told, had syphilis]; but as far as whipping her or beating her up or mistreating her in any way except whipping her, I haven't done that; and she just got malice or mad or something with me and it just got to where I couldn't see any satisfaction at all at home. I would tell her she could go with nice boys, and when I would tell her that she said, 'It would be just like it was with Raymond. If I was to go with anybody you would object and he couldn't come;' and she told me that 'I'll get even with you for what you have done,'

but I wasn't thinking about no such as this. She would tell my wife stories. I have told my wife to watch and see that I didn't mistreat her, and see what she would tell her when she came back; and she told things on me and kept a row in the home nearly two years."

I do not think, when the statement is read as a whole, that it was sufficient to corroborate the victim's testimony. In fact, there was an express denial in it that he was guilty of the offense charged. I think that in this case there was only one witness to prove the corpus delicti as well as the participation of the accused in the criminal act charged, and that witness being an accomplice, and the facts and circumstances relied on as a corroboration of the accomplice's testimony not being such as to connect the accused with the criminal act, his conviction was contrary to the evidence, and a new trial should have been granted for this reason. I can not concur with the majority opinion.