31257.   HILLOCK *v.* THE STATE.

DECIDED JUNE 13, 1946.   REHEARING DENIED JULY 23, 1946.

*L. J. Courson,* for plaintiff in error.

*H. W. Nelson, Solicitor-General,* contra.

124

GARDNER, J. ■ We have set forth the evidence somewhat at length in order that it may speak for itself, and also that we may more intelligently analyze it. Counsel for the defendant lays great stress upon the fact that Powell, the one who was alleged to have been robbed, stated in effect that all he knew about the identity of the persons who robbed him was what Gaskins, the codefendant, told him after the robbery. We have examined carefully the testimony of Powell, and find that throughout his testimony he stated that he did not know the person who took the money from his person, while the codefendant Gaskins was holding the head of Powell down. A fair interpretation of this evidence means that it should be confined and restricted to the moment Powell was robbed. Therefore, when the witness Powell stated on the stand that all he knew about it was what Gaskins told him referred only to the immediate occasion of the robbery, and did not serve to nullify all the facts and circumstances of the case, which tended to show that the defendant Hillock was the person who actually took the money from the pockets of Powell while Gaskins held Powell. There are many surrounding circumstances which we think sufficiently corroborate the testimony of Gaskins that Hillock was a coconspirator in the crime. We will enumerate at least some of them: (a) Gaskins and Hillock were buddies. (b) They lived together. (c) They were standing in front of the picture show together when Powell walked up. (d) The three went in the show. (e) As Powell and Gaskins left, Gaskins as he passed out of the show told the defendant Hillock to meet them at the warehouse and that they, Powell and Gaskins, would be there. (f) Gaskins and Powell did go to the warehouse. (g) When Powell suggested to Gaskins that they leave the warehouse, Gaskins stated to Powell that they would have to leave the warehouse the same way they entered it. (h) Gaskins had not seen or conferred with anyone else from the time they saw Powell with the money in front of the picture show until the time of the robbery, except Hillock. (i) Powell positively identified the defendant Hillock as the one who was with Gaskins at the picture show. (j) Powell stated that in his best judgment Hillock was the same person who took his money while Gaskins held Powell; that he was of the same size, bulk, and shape as the one who took the money from his pocket.

While it is true that the testimony of an accomplice alone is

not sufficient in and of itself to sustain a conviction, yet slight evidence that the crime was committed by the defendant and his codefendant will corroborate the testimony of an accomplice. The Supreme Court in *Evans* v. *State*, 78 *Ga.* 351, stated: "Whilst conviction can not be sustained on the evidence of an accomplice alone, yet slight evidence that the crime was committed by the defendants, identifying them with it, will corroborate his testimony and warrant the finding."

In *Little* v. *State*, 31 *Ga. App.* 145 (120 S. E. 33), the court said: "Slight evidence identifying the accused with the crime may be sufficient to corroborate the testimony of an accomplice and warrant a verdict of guilty; and, the trial judge in this case having approved the verdict on such evidence, this court will not disturb the verdict because of alleged insufficiency of evidence."

See also, in this connection, *Evans* v. *State*, 27 *Ga. App.* 316 (2) (108 S. E. 129), wherein it was held: "The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence, . . it can not be said as a matter of law that the verdict is contrary to the evidence." See also *Kilgore* v. *State*, 67 *Ga. App.* 391 (20 S. E. 2d, 187). The evidence in the instant case, measured by these precedents, amply sustains the verdict as to the general grounds.

■ Special ground 1 assigns error on the ground that the court, in interrogating a witness for the State, expressed and intimated an opinion that the defendant was guilty and should be convicted. After a careful examination of the questions propounded by the court and the answers of the witness Powell, we disagree with counsel that the court intimated or expressed any opinion as to the guilt of the defendant. In *Caswell* v. *State*, 5 *Ga. App.* 483 (63 S. E. 566), it was said: "A trial judge may properly ask questions for the purpose of informing himself as to the truth of any matter material to a cause on trial, provided, in asking the questions, no intimation of his opinion upon the merits is conveyed . . by the questions asked."

■ In special ground 2, the defendant assigns error because the court permitted Powell to testify: "The only way I knew this man had anything to do with or any connection with the crime was from what Hiram Jesse Gaskins, called Boojem Gaskins, told me,

this is the only way that I knew that he had anything to do with the crime. That is the truth. Yes, I couldn't tell whether he was a negro boy or a white boy, when he ran off; what I am basing it on is what Boojie told me." It does not appear from this ground that any objection was made to this testimony at the time it was offered. This special ground is but an amplification of the general grounds. We think that we have dealt with this assignment of error fully in treating the assignments of error under the general grounds. The evidence as a whole shows that the testimony of Powell on the ground specified in this assignment is properly interpreted to mean that at the moment Powell was robbed he did not recognize the defendant as being the coconspirator. It is not a proper interpretation—construing the evidence most strongly to sustain the verdict—to construe the evidence as meaning that the witness Powell testified that he did not go to the picture show and pull out his money in the presence of the defendant Hillock, and to disregard the many other surrounding circumstances which we have in detail enumerated in a discussion of the general grounds.

■ Special ground 3 assigns error because the court charged as follows: "Gentlemen of the jury, participation in the commission of the same criminal act, and in the execution of a common criminal intent, is necessary to render one criminal, in a legal sense, an accomplice of another criminal. In felony cases the testimony of an accomplice is not alone, of itself, sufficient to sustain a conviction, unless such testimony is corroborated by other competent evidence which you do believe, or by the facts and circumstances developed by the trial." It appears from the record that counsel for the plaintiff in error failed to quote the full instructions which the court gave the jury on this point. Immediately, in the next succeeding paragraph, the judge further charged: "I charge you, gentlemen, that one who is present at the commission of a crime, aiding and abetting in the commission thereof, or who participates therein, is an accomplice, and before you would be authorized to convict the defendant upon the testimony of an accomplice alone, the testimony of such accomplice must be corroborated by some independent fact or circumstance which, taken of itself, leads to an inference of guilt, not only that the crime charged was committed, but that the defendant was implicated in its commission and connected with its perpetration. Now, gentlemen, you will

take all the evidence and facts and circumstances of the case, including the defendant's statement, into consideration and determine what the truth is, and let your verdict be as already prescribed by the court, in some form already prescribed by the court, and let it be entered and signed as already prescribed." In this connection, we might reiterate that the jury were authorized to find that the corroborated evidence of the accomplice was sufficient to authorize the verdict and to sustain the charge complained of in this ground. The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*