### 33540. GIBSON *v.* THE STATE.

GARDNER, J. The defendant, a man of 40 years of age, was indicted and convicted of sodomy per os. The victim was a child of 15 years of age. The defendant filed his motion for a new trial on the general grounds only. The charge of the court is not a part of the record. The evidence, of course, is sordid. We see no good purpose to be served here in detailing it. The law applicable to such a crime is well established. Counsel for the defendant presents two questions which we think are pertinent to consider under the general grounds. He argues first that the victim was an accomplice and that the record does not reveal any corroborating evidence to sustain the evidence of the youth. When we consider the age of the youth and that of the defendant and all of the circumstances in connection with the case, it becomes a jury question as to whether the youth was an accomplice. *Perryman* v. *State,* 63 *Ga. App.* 819 (12 S. E. 2d, 388), particularly headnote (4) ". . . The age of the parties, their relationship, and the circumstances of the transaction are matters for the consideration of the jury."

In the instant case we might assume, without deciding, that the youth was an accomplice. In doing this, we then proceed to determine whether there was sufficient corroboration of the evidence of the youth to sustain the verdict in the instant case in the event the youth was an accomplice. In *Newman* v. *State,* 63 *Ga. App.* 417 (3) (11 S. E. 2d 248), this court said: ". . Slight evidence from an extraneous source, identifying the accused as a particpator in the criminal act, will be sufficient corroboration of the accomplice to support a verdict. . . The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence." See also, in this connection and bearing directly on the question now under consideration as to the sufficiency of evidence corroborating an accomplice, *Hillock* v. *State,* 74 *Ga. App.* 118 (1) (39 S. E. 2d, 69), wherein this court cited *Evans* v. *State,* 78 *Ga.* 351; *Little* v. *State,* 31 *Ga. App.* 145 (120 S. E. 33); *Evans* v. *State,* 27 *Ga. App.* 316 (2) (108 S. E. 129); *Kilgore* v. *State,* 67 *Ga. App* 391 (20 S. E. 2d, 187). Let us take a look at the evidence in the instant case to deter-

418

mine whether the corroborating evidence to that of the youth meets the measurements required under the law as set forth in the decision above, and many others to the same effect, which we will not here cite. That evidence is in substance: The youth testified unwaveringly to all the sordid details of the crime here charged; and on another occasion also between him and the defendant as to the same crime. On the particular case in question, the mother of the youth returned to her home where she lived in the room with her son. The light was out; she knocked on the door of the room; she called to her son to open the door; she knocked for at least five minutes during which time the son told her to "Wait a minute"; that someone finally turned on the light, there was whispering, and the door was finally opened; that when the door was finally opened, her son was lying on the bed, the defendant with his pants unfastened and with his shoes unlaced. The son introduced the defendant to his mother as a Mr. Smith. The mother, becoming enraged at the strange man in the room, went for the landlord, and while she was getting the landlord, the defendant fled. The mother found in the room an address which proved to be that of the defendant. The detectives located the defendant at this address and carried him to the police station. He was identified by the mother as the man she saw in the room with her son on the occasion in question.

The landlord of the apartment where the defendant resided identified the youth as the youth who had visited the defendant at the defendant's apartment previously (the son testified that the defendant had induced him to visit the defendant's apartment previously and the crime of sodomy was committed in the apartment of the defendant). The defendant in his statement to the jury stated that he was in the apartment of the mother and son on the occasion in question; that he went there for the purpose of answering a call of nature, on his way to church, and that he left the mother's apartment when she went to call the landlord to report a strange man in the room because she was enraged with her son.

The evidence is sufficient to convict the defendant of the crime of sodomy as charged.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED JUNE 14, 1951. REHEARING DENIED JULY 17, 1951.

*Vester M. Ownby,* for plaintiff in error.

*Paul Webb, Solicitor-General, Guerry R. Thornton, Charlie O. Murphy,* contra.