### 36299. Stephens *v.* The State.

Townsend, J. 1. On the trial of an indictment charging that the defendant did break and enter a designated place of business "with intent to commit a larceny" and did carry away named articles of the value of $130, it is not error to charge the definition of burglary as contained in Code § 26-2401 containing the words "with intent to commit a felony or larceny," for the reasons (a) that the larceny here involved is a felony under Code § 26-2630, and (b) that no issue having been raised as to whether any felony other than larceny was involved in the breaking and entering, the jury could not have been prejudiced thereby. See *Schmid* v. *State*, 77 *Ga. App.* 623 (3) (49 S. E. 2d 134). Special ground 2 of the amended motion for a new trial is without merit.

2. Special ground 1 is abandoned. Special ground 3 is too incomplete for consideration, the assignment of error on an excerpt of the charge being based on what movant contends to have been the evidence upon the trial, and this evidence is not set out or specified in the ground and would require examination of other portions of the record. *Bradshaw* v. *State*, 44 *Ga. App.* 783 (3) (163 S. E. 295). Special ground 4 complaining of the charge as a whole is also without merit, as such assignment of error raises only the question of whether the whole charge is erroneous.

*Charlton* v. *State,* 157 *Ga.* 373 (121 S. E. 334). *Van Dyke* v. *Van Dyke,* 31 *Ga. App.* 67 (119 S. E. 436). The charge as a whole is not so defective as to be subject to this complaint.

3. That portion of the charge as follows: "I charge you, gentlemen, though, *where a burglary has been committed as charged and the property stolen as the result of the crime,* and if recently thereafter the defendant should be found in possession of the stolen property, that it would be a circumstance from which the jury would be authorized to convict if they saw fit to do so, unless the defendant should make explanation of his possession of the stolen property, consistent with his innocence in the opinion of the jury all of which are questions of fact for the jury to determine," is not, as to the italicized portion, prejudicial in that it removes from the jury a decision as to whether or not a burglary has been committed and property stolen, as contended in special ground 5. To declare the law applicable to a given state of facts does not constitute an intimation of opinion that the hypothetical facts referred to exist in the case on trial. *Densley* v. *State,* 24 *Ga. App.* 136 (2) (99 S. E. 895); *Sheppard* v. *State,* 44 *Ga. App.* 481, 493 (162 S. E. 413); *Daniels* v. *State,* 162 *Ga.* 366 (133 S. E. 866).

4. It was established upon the trial of the case that the filling station named in the indictment was broken into on the night of April 5, 1955, and 10 tires and 10 cartons of cigarettes stolen therefrom; that the tires were marked "G. G. and K. W. Williamson, Glen and Kenneth Texaco Service Station, First Street and Durden Street, Vidalia, Georgia" with the code number "G 2296"; that the defendant came into possession of certain tires that same night and thereafter sold some of them to persons who testified on the trial; that he took 7 of the tires shortly thereafter from Vidalia to Warner Robins and was still in possession of them when arrested. The defendant's explanation, supported by sworn testimony from defense witnesses, that he had purchased the tires from a named person was contradicted by the testimony of the alleged seller, the latter being a man with a record of felony convictions. Accordingly, it was a jury question as to whether or not the defendant's explanation that he was an innocent purchaser of stolen goods was credible, and the jury was authorized but not required to disbelieve the State's witness who denied selling the tires to the defendant, since the credit given the testimony of one impeached for general bad character is for the jury to determine. Code § 38-1806. The verdict was authorized by the evidence, and the general grounds of the motion for a new trial are without merit.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided September 21, 1956.

*Nat O. Carter,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.