36982. FORTNER *et al. v.* THE STATE.

CARLISLE, Judge. 1. The only witness against the defendants giving direct evidence as to the commission of the crime testified that he participated in the commission of the crime only because the defendants held a knife and a gun on him and forced him to participate. The defendants in their statements merely denied the commission of the crime. Thus, there was no evidence that would authorize a finding that the witness against the defendants was a coparticipant in the commission of the crime such as to render him an accomplice within the rule requiring corroboration of his testimony. The evidence did not make an issue as to this fact.

2. "To constitute a witness an accomplice such as shall prevent his testimony from being sufficient to support a conviction of an accused without its being corroborated, his part in the commission of the crime must be such as was the result of his free will, and not the result of duress or coercion such as would destroy his free will. If the witness himself could not be convicted because of his participation in the commission of the crime, because he acted under duress or because of threats, he is not an accomplice." *Perryman* v. *State,* 63 *Ga. App.* 819 (1) (12 S. E. 2d 388).

3. Under the foregoing facts and principles of law, the testimony of the witness who participated in the crime was sufficient to authorize the conviction, and the trial court did not err in

overruling the first ground of the amended motion and in failing to charge principles of law relating to the corroboration of the testimony of an accomplice as complained of in grounds 2 and 3 of the amended motion for a new trial.

4. In the trial of the case, counsel for the defendants in cross-examining the State's witnesses sought to impugn the character of the State's witness Peoples in certain particulars. One ground of the motion for a new trial asserts the discovery of new evidence which also would tend to impugn the character of the witness Peoples in the same respect. This evidence would have been merely cumulative in character and does not constitute a valid ground of a motion for a new trial on the basis of newly discovered evidence. Code § 70-204.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 16, 1958.

*Howard P. Wallace, S. B. Wallace,* for plaintiffs in error.
*Andrew J. Whalen, Jr., Solicitor-General,* contra.