### 39281. CRAIG v. THE STATE.

NICHOLS, Presiding Judge. The defendant was tried and convicted under an indictment charging him with the offense of burglary. Thereafter, his amended motion for new trial was denied and he now excepts to such adverse judgment. *Held*:

1. "A ground of a motion for new trial which, in order to be understood requires a consideration of the evidence, must either set forth the evidence relied upon or point out where in the record such evidence may be found." *Valdosta Coca Cola Bottling Works v. Montgomery*, 102 Ga. App. 440 (2) (116 SE2d 675). Accordingly, the special ground of the motion for new trial, which merely complains that the testimony of a named witness should be stricken is incomplete and cannot be considered.

2. " 'To constitute a witness an accomplice such as shall prevent his testimony from being sufficient to support a conviction of an accused without its being corroborated, his part in the commission of the crime must be such as was the result of his free will, and not the result of duress or coercion such as would destroy his free will. If the witness himself could not be convicted because of his participation in the commission of the crime, because he acted under duress or because of threats, he is not an accomplice.' *Perryman v. State*, 63 Ga. App. 819 (1) (12 SE2d 388)." *Fortner v. State*, 96 Ga. App. 855 (2) (101 SE2d 908).

3. The witness, who the defendant contends was an accomplice by his own admission, was a seventeen-year-old boy who participated (according to such witness's testimony), only because he was threatened with physical violence by the

defendant, a grown man, and applying the principles of law quoted above to such facts it cannot be said that the verdict was unauthorized, for as pointed out above, one who participates in a crime because of duress is not an accomplice and such testimony need not be corroborated in order for a conviction to be authorized. Accordingly, the trial court did not err in denying the defendant's motion for new trial as amended.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 18, 1962—REHEARING DENIED JANUARY 29, 1962.

*W. P. Wilbanks, Jr.,* for plaintiff in error.
*Jack Holland, Solicitor-General,* contra.