### 42852. AIMAR v. THE STATE.

JOSLIN, Judge. This is an appeal from the conviction of the defendant on a charge of sodomy for which he was sentenced to two years. The only nominable issue raised is whether the testimony of one witness who participated in the crime was required to be corroborated under *Code* § 38-121.

Whether a witness is a co-participant so as to render him an accomplice within the rule requiring corroboration of testimony is a jury question. *Gibson v. State,* 84 Ga. App. 417 (65 SE2d 818); *Perryman v. State,* 63 Ga. App. 819 (12 SE2d 388).

"To constitute a witness an accomplice such as shall prevent his testimony from being sufficient to support a conviction of an accused without its being corroborated, his part in the commission of the crime must be such as was the result of his free will, and not the result of duress or coercion such as would destroy his free will. If the witness himself could not be convicted because of his participation in the commission of the crime, because he acted under duress or because of threats, he is not an accomplice." *Perryman v. State,* 63 Ga. App. 819 (1), supra.

In this case the boy participant in the sodomy was sixteen years of age, and it is on his uncorroborated testimony that the defendant, age fifty-five, was convicted. As the question as to whether or not the boy was an accomplice thus requiring corroborating evidence was properly left to the jury, and as the jury found the defendant guilty, it is evident that the jury decided that the boy was not an accomplice within the rule requiring corroboration. The evidence was sufficient for such a finding.

Further, there was evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED JUNE 12, 1967—DECIDED JUNE 22, 1967—
REHEARING DENIED JULY 18, 1967.

*Pierce, Ranitz, Lee, Berry & Mahoney, John M. Ranitz, Howard A. McGlasson, Jr.,* for appellant.

*Andrew J. Ryan, Jr., Solicitor General, Robert E. Barker, Tom A. Edenfield,* for appellee.