### 28352. PERRYMAN *v.* THE STATE.

DECIDED DECEMBER 4, 1940.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *J. W. LeCraw, E. E. Andrews,* contra.

GARDNER, J. The grand jury returned simultaneously three indictments for sodomy against the defendant. By agreement he was tried on the three together, but with separate returns of verdicts. On one, the verdict was not guilty; on the other two, guilty. Separate motions for new trial were filed, which the court overruled, and separate writs of error are now before this court for review, assigning error on the overruling of the motions containing the general grounds and several special grounds unnecessary to be related here. On the trial the court admitted the testimony of other witnesses as to acts of sodomy they themselves had committed with the defendant at other times and places, to show motive, intent, design, and state of lustful mind of the defendant on the charge against him in the instant case. Other than this, for the purpose indicated, there was no corroboration of the witness in the instant case, either by circumstances or testimony of other witnesses, to connect the defendant directly with the crime charged,

independently of the testimony of the participating witness in the instant case. The evidence showed conclusively that the witness with whom the act charged herein was committed was an accomplice, and that no force or duress or violence was used, or threatened, by the defendant immediately to induce the witness to yield to the act of sodomy. We think that under the evidence the witness was himself subject to indictment. In the companion case (*Perryman* v. *State*, 63 *Ga. App.* 819 (12 S. E. 2d, 388), this day decided, it was held that the witness participating in the crime was not himself an accomplice, and that there was no necessity in law for corroboration in order to convict. This case is governed in principle by that decision, save that under the application of the principles therein stated the witness in the instant case, participating in the crime about which he was testifying, was in fact an accomplice, making it necessary, in order to convict, that there be corroboration of his testimony, either by circumstances or by the testimony of other witnesses. In this connection see *Perryman* v. *State,* (1) supra, where the court held: "To constitute a witness an accomplice such as shall prevent his testimony from being sufficient to support a conviction of an accused without its being corroborated, his part in the commission of the crime must be such as was the result of his free will, and not the result of duress or coercion such as would destroy his free will. If the witness himself could not be convicted because of his participation in the commission of the crime, because he acted under duress or because of threats, he is not an accomplice." Under this view of the instant case we think the testimony of the witness was insufficient alone to convict.

But the State insists that the testimony of the other witnesses connecting the defendant with the other separate crimes in which each alone participated, was sufficient, in addition to showing motive, intent, design, and a lustful state of mind in the instant case, to corroborate the witness in this case, and together convict the defendant. We look first to determine whether these witnesses were themselves accomplices with the participating witness in the instant case. If they were, then one accomplice may corroborate another. *Pope* v. *State,* 171 *Ga.* 655 (156 S. E. 599). We find that they were not. They engaged in other and separate offenses with the defendant, at other and separate times and places. *They*

*in no sense participated in the crime charged in the instant case.* The test is whether these witnesses could themselves have been also indicted in the instant case, as participating in this particular crime, either as principals or as accessories. *Stone* v. *State,* 118 *Ga.* 705 (3) (45 S. E. 630, 98 Am. St. R. 145) ; *LeFray* v. *State,* 48 *Ga. App.* 133 (172 S. E. 115) ; *Kearce* v. *State,* 178 *Ga.* 220 (2) (172 S. E. 643). They could not have been so indicted. Then, the remaining query follows: could their testimony, admitted in the instant case to show motive, intent, state of mind, and the like, be admitted further to establish the corpus of the crime, independently of the testimony of the accomplice in the instant case, or, corroborating as to the "intent," could that be tantamount to establishing that as an element or necessary ingredient of the corpus, and thereby *connect* the defendant with the crime? We think not. However profoundly their testimony might tend to establish a wanton and lustful state of mind, it connects, *not in the slightest,* the defendant with the crime charged in the instant case. The necessity that testimony or circumstances must connect, to corroborate, is absolute; they must directly connect the defendant with the crime independently of the testimony of the accomplice, or connect him indirectly or circumstantially, so as to lead to an inference of his guilt. *Baker* v. *State,* 14 *Ga. App.* 578 (4) (81 S. E. 805) ; *Taylor* v. *State,* 110 *Ga.* 150 (3), 154 (35 S. E. 161). In *Childers* v. *State,* 52 *Ga.* 106, the Supreme Court held: "Where the only witness implicating the prisoners in the crime, was himself avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as go to connect the prisoner with the offense." In *McMichen* v. *State,* 62 *Ga. App.* 50 (7 S. E. 2d, 749), this court, while stating, in a sodomy case, that "conceding but not deciding that" the witness "was an accomplice, and [that] it was necessary that her testimony be corroborated, this was sufficiently done," nevertheless further held: "We are of the opinion that the evidence in question had a distinct relevancy to the case on trial, that the 'other offences' were clearly *interwoven and linked* [connected] with the *facts* of the crime charged, and that the evidence was admissible to show the lustful disposition of the defendant as well as to corroborate the testimony of the victim as to the act charged; and further, that it was a part of the continuous accomplishment of a fixed and common design."

(Italics ours.) There is no conflict in the ruling here with the requirement of the law, as above cited, that the corroboration must connect the defendant with the crime charged. The testimony of the witness in the instant case, being uncorroborated, was insufficient to convict, and the court erred in overruling the motion for new trial. *Judgment reversed. Broyles, C. J., dissents.*

MacIntyre, J., concurring specially. I do not think that what is herein decided is in conflict with the case of *McMichen* v. *State,* 62 *Ga. App.* 50 (supra). In the first paragraph of that opinion there is the general statement: "With reference to the evidence, we deem it sufficient to say that it was sufficient to sustain a conviction of the crime charged. The little girl on whom the crime was committed testified that the defendant committed upon her the crime charged. Conceding, but not deciding, that she was an accomplice, and it was necessary that her testimony be corroborated, this was sufficiently done." This was merely saying that the general grounds of the motion for new trial were without merit, and that the evidence as a whole authorized the verdict, and a reference to the original record discloses that, irrespectively of the testimony of other crimes, there was other sufficient evidence to connect the defendant with the crime charged. Elsewhere in the opinion the court, in discussing, not the sufficiency of the evidence, but only its *admissibility,* said: "We are of the opinion that the evidence in question had a distinct relevancy to the case on trial, that the 'other offenses' were clearly interwoven and linked with the facts of the crime charged, and that the evidence was admissible to show the lustful disposition of the defendant as well as to corroborate the testimony of the victim as to the act charged; and further, that it was a part of the continuous accomplishment of a fixed and common design." The court was using the word "corroborate" in its general sense, and was not confining it to the restricted sense in which the word is generally used in connection with the testimony of an accomplice. In this last-quoted portion of the opinion the court was saying that the testimony as to other crimes was admissible, and for what purposes it was admissible. The court was not saying that the testimony as to other crimes was admissible, and was a sufficient corroborating circumstance to dispense with the testimony of another witness, in that it went to connect the defendant with the offense charged, and that this would

.be a compliance with the rule of law laid down in *Childers* v. *State*, 52 *Ga.* 106, that "where the only witness implicating the prisoners in the crime, was himself avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as go to connect the prisoner with the offense."

BROYLES, C. J., dissenting. I think it doubtful whether the boy witness in question was an accomplice, since in my opinion the evidence authorized the jury to find that he unwillingly participated in the commission of the crime, and would not have done so except for the veiled threats of the defendant. Furthermore, I think that the evidence of several other boy witnesses, that the defendant, near the time of the particular offense for which he was on trial, had committed similar crimes with them, was sufficient to show "the lustful disposition of the defendant, as well as to corroborate the testimony of the victim as to the act charged." *McMichen* v. *State*, 62 *Ga. App.* 50, 53 (supra).