## 52823. SOUTH v. THE STATE.

SMITH, Judge.

The defendant was convicted of motor vehicle theft. He appeals the judgment of conviction and the overruling of his motion for new trial.

The evidence shows that a truck was reported stolen to the police on March 31, 1976. A policeman drove to the home of Walt Caldwell and looked for the truck; it was not there. The same policeman returned to the same house five or ten minutes later and saw the stolen vehicle and the appellant. Walt Caldwell testified that the appellant drove the truck to his house and offered to sell it to him.

1. The defense counsel asked a witness for the state if the Caldwell house was a gathering place on Fridays and Saturdays. The witness responded that he had heard that it was. The state objected to this testimony, and the judge sustained the objection. This testimony was hearsay and the trial court properly excluded it from the evidence.

2. Defense counsel asked Mr. Caldwell if the police had ever come to his home before this particular occasion. The state objected to this question as being irrelevant, and the court sustained the objection. We find no error in the court's ruling.

3. Defense counsel asked Mr. Caldwell if he had ever been convicted of manufacturing whiskey or if he had ever been convicted of any crime. The state objected to these questions, and the objections were sustained as to both. "A witness cannot be discredited even by his own testimony that he has been convicted of an offense involving moral turpitude; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted." *Rewis v. State,* 109 Ga. App. 83, 85 (134 SE2d 875). Therefore, even if we assume that manufacturing

whiskey was a crime involving moral turpitude, the above questioning was an improper method of impeachment and the trial judge properly sustained the state's objection to defense counsel's questions.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 4, 1976 — DECIDED OCTOBER 14, 1976.

*Wiggins & Camp, William J. Wiggins,* for appellant.
*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.