## 60437. BLACK v. THE STATE.

BANKE, Judge.

The appellant appeals his conviction for burglary, contending that it was based on the uncorroborated testimony of an accomplice in violation of Code § 38-121. The accomplice, Arthur Whitfield, testified that he saw the appellant and another man leave appellant's place of business in appellant's car and return sometime later with property which was shown to have been taken from the victim's home. The property included a portable TV set, a shotgun, and a typewriter. Although Whitfield was convicted at an earlier trial for the same burglary, he denied any criminal participation in the crime.

The state introduced the testimony of Bud Hubbard in an effort to show that the latter had purchased the stolen TV set from appellant. Although Hubbard testified that he purchased a TV set similar to the one belonging to the victim, he was unable to identify it positively. He also testified that he bought the TV set from a person someone told him was Bobby Black (the appellant), but he could not identify the appellant as that person at trial. He was unable to state with any certainty the month or even the year the purchase took place. There was testimony that officers recovered a TV set from a trailer shared by the accomplice and Hubbard, however, no effort was made to establish that this TV was the one stolen from the victim. There was no other evidence linking the appellant to the burglary. *Held:*

"Slight evidence of defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict." *Cummings v. State,* 240 Ga. 104, 105 (239 SE2d 529) (1977). However, "to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime charged, or lead to the inference that he is guilty, and more than sufficient merely to cast on the defendant a grave suspicion of guilt." *Vaughn v. State,* 139 Ga. App. 565, 568 (228 SE2d 741) (1976). We find no such corroborating evidence in this case.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 3, 1980 — DECIDED SEPTEMBER 22, 1980.

*Glendon C. Pruitt,* for appellant.
*Nat Hancock, District Attorney,* for appellee.