61404. McDANIEL v. THE STATE.

CARLEY, Judge.

Appellant was convicted of burglary. His sole enumeration of error on appeal is that the trial court committed reversible error in failing to charge the jury on the law governing accomplice testimony and the necessity for corroboration thereof.

The transcript reveals that appellant neither requested a charge on the law governing the testimony of an accomplice nor excepted to the omission of such charge. Thus, appellant's contention that the trial court erred in failing to so charge is controlled adversely to him by *Durham v. State,* 41 Ga. App. 421 (2) (153 SE 222) (1930). *Williamson v. State,* 146 Ga. App. 401 (3) (246 SE2d 421) (1978). See also *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980).

Moreover, the rule that a felony conviction is not to be had on the uncorroborated testimony of an accomplice applies only when the accomplice is the *sole* witness upon whose testimony the state relies. Code Ann. § 38-121; *Hall v. State,* 241 Ga. 252 (7) (244 SE2d 833) (1978). In the instant case, a witness other than the alleged accomplice testified that, shortly after the time of the alleged burglary, he saw the appellant in possession of property positively identified as being taken in the burglary. " 'As the State did not rely wholly on the evidence of the alleged accomplice to connect the accused with the offense, it was not incumbent upon the court, without request, to instruct the jury touching corroboration.' [Cit.]"

*Carter v. State,* 227 Ga. 788, 794 (5) (183 SE2d 392) (1971); accord, *Williamson v. State,* supra; *Smith v. State,* 154 Ga. App. 741 (3) (270 SE2d 5) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 20, 1981.

*Robert D. Peckham, Vicki Affleck,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.