69941. BRYANT v. THE STATE.
(331 SE2d 16)

BIRDSONG, Presiding Judge.

Wendell Jerome Bryant was convicted of two counts of armed robbery and sentenced to serve two periods of ten years each, six to

be served on each conviction in the penitentiary consecutively followed by four years on probation. Bryant brings this appeal enumerating five alleged errors. *Held*:

1. Bryant does not contest the sufficiency of the evidence to support the conviction of either armed robbery. The evidence presented to the jury manifestly established to the satisfaction of a rational trier of fact beyond reasonable doubt that Bryant entered into a conspiracy with several others to commit the armed robberies of two different convenience stores. The evidence showed that Bryant furnished the masks used in each robbery as well as the pistol. Further Bryant waited outside each store in his car while the actual perpetrator executed the armed robbery, then drove the participants away from the scene, and shared in the fruits of the criminal enterprise (see *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528)).

However, in his first two enumerations of error, Bryant complains that the court erroneously allowed the prosecutor to impeach his own witnesses (for the most part persons actively engaged as co-actors in the robberies or others having probable knowledge of the commission of the robberies) by conducting appropriate direct examination until the individual witness became reluctant or evasive in answering questions. At that point in each witness' examination, the prosecutor displayed a written statement the witness had made to a police interrogator ostensibly to refresh the witness' memory. When discrepancies between the written statement and the oral testimony occurred, these were highlighted by the witness through questioning and thereafter the interrogator was called for the purpose of impeachment and/or the offer as substantive evidence of the contents of the witness' statement to the interrogator.

Bryant now contends that this is an abusive extension of the rule recognized in *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717). In substance Bryant would have us limit *Gibbons* to cases where a clear case of surprise is involved. He urges the case does not permit a prosecutor to set out deliberately the foundation for a prior statement which, if inconsistent with the witness' oral testimony, can then be introduced not only to impeach but to put before the jury a more damaging version of the testimony.

We do not find such a course of action by the prosecutor in this case, even assuming such to be prosecutorial error. In this case, the prior written statement was not shown to the witness until the prosecutor had uncovered lapses of memory or hostility, at which point the witness was shown the statement and given an opportunity to reconcile the two versions. Then, only when there was apparent or obvious difference, was the officer called to expose the dissimilarities giving the jury the opportunity to best find the truth of the matter. We find this procedure to be consistent with the rules of evidence and to be a

permitted offering of evidence for either impeachment, substantive value or both. *Gibbons,* supra, p. 864. There is no merit in either of these first two enumerations.

2. In his third enumeration, Bryant complains the trial court erred in refusing Bryant's counsel the opportunity to cross-examine on a certified copy of a prior felony conviction pertaining to the witness on examination. However, the transcript shows that counsel for Bryant did not desire to introduce the documents as evidence, but merely to confront the witness with the documents and obtain an oral admission that the convictions pertained to the witness. The trial court properly sustained an objection to a procedure of impeachment by prior convictions short of an introduction of certified copies of those convictions. This ruling by the trial court manifestly was correct for a witness cannot be discredited by his own testimony that he has been convicted of an offense involving moral turpitude. It is necessary to introduce an authenticated copy of the record of the court in which he was convicted. *Clarke v. State,* 239 Ga. 42, 44 (235 SE2d 524); *South v. State,* 139 Ga. App. 864 (229 SE2d 802). The court did not preclude counsel from following the correct procedure, but merely insisted that the proper procedure be followed. There is no merit to this enumeration.

3. In his last two enumerations of error, Bryant further complains the trial court unduly limited his right of cross-examination of one of the co-actors and of a police officer. As to the co-actor, counsel sought to inquire why the co-actor returned to Americus from the Miami, Florida, area. As to the police officer, Bryant sought the officer's opinion as to whether the evidence developed in his investigation was sufficient to constitute probable cause to charge Bryant with armed robbery. Both lines of inquiry were curtailed upon objection by the state.

We find no error in either ruling of the court. The scope of cross-examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown there has been an abuse of that discretion. In this case, Bryant was allowed to explore a connection between the co-author's return to Americus and the armed robberies but chose not to do so. The witness testified he lived in Americus and his mother lived in Florida. He spent time in both places and had returned to Americus before the robberies to visit his grandparents. On its face, there would appear to be no relevancy to explore other personal reasons. The record makes apparent that a reference to possible juvenile problems in Miami was not to be exposed or explored. In the face of evidence indicating that the armed robberies were more or less spur-of-the-moment decisions, we will not fault the trial court's curtailing of apparently irrelevant testimony. See *Crowder v. State,* 233 Ga. 789 (6) (213 SE2d 620). As to the investiga-

tor's opinion as to whether the evidence was sufficient to support a charge of armed robbery against Bryant, such an opinion by a police investigator invades the province of the jury and is wholly irrelevant and immaterial to the ultimate issue before the jury. The trial court did not err in excluding that line of inquiry. *Clifton v. State*, 187 Ga. 502, 508 (2 SE2d 102).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 8, 1985 —
REHEARING DENIED MAY 1, 1985.

*William J. Murray*, for appellant.
*John R. Parks, District Attorney*, for appellee.