### 70985. McCAULEY v. THE STATE.
(339 SE2d 399)

Deen, Presiding Judge.

Harvey McCauley, Jr. was convicted of arson in the first degree and appeals following the denial of his motion for a new trial.

1. He first contends that the trial court erred in denying his motion for a directed verdict of acquittal because the state failed to adduce any evidence to corroborate an alleged prior inconsistent statement of a convicted accomplice, Charles Riggins, as required under OCGA § 24-4-8.

The only evidence linking appellant to the crime was a written statement taken by a police officer from Riggins which implicated appellant in the crime. Riggins later entered a guilty plea and testified at trial that appellant did not have anything to do with burning Davis' house and that he, Riggins, acted alone. The state then sought to introduce the prior inconsistent statement. Appellant objected on the ground that the confession of a co-conspirator was inadmissible. The court overruled the objection. An examination of the transcript reveals that this statement was the only evidence presented implicating appellant in the crime.

The state is required to present a prima facie case of conspiracy in order to admit the statement of a co-conspirator upon the trial of the other conspirator. *Gunter v. State*, 243 Ga. 651, 659 (256 SE2d 341) (1979); *Waters v. State*, 174 Ga. App. 916 (331 SE2d 893) (1985). "[I]nsofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime." *West v. State*, 232 Ga. 861, 865 (209 SE2d 195) (1974); *Black v. State*, 155 Ga. App. 798 (272 SE2d 762) (1980). While the sufficiency of the corroboration is a jury question, an appellate court must determine as a matter of law whether there is any corroborating testimony of an accomplice. *Kilgore v. State*, 67 Ga. App. 391 (20 SE2d 187) (1942); *Gunter v. State*, supra. In *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), relied upon by the state as authority for the admissibility of the pretrial statement, the court held that "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination, is admissible as substantive evidence, and is not limited in value only to impeachment purposes." The uncorroborated testimony of an accom-

plice, however, is not sufficient to authorize a felony conviction. *Castell v. State*, 250 Ga. 776 (301 SE2d 234) (1983). This rule applies when the accomplice is the sole witness upon whose testimony the state relies. *McDaniel v. State*, 158 Ga. App. 320 (279 SE2d 762) (1981).

As there was absolutely no corroborating evidence of appellant's participation in the crime, the trial court erred in denying appellant's motion for a directed verdict of acquittal.

2. As this case must be reversed it is unnecessary to address appellant's remaining enumerations of error.

*Judgment reversed. Pope and Beasley, JJ., concur. Pope, J., also concurs specially.*

POPE, Judge, concurring specially.

While I concur in the opinion of the majority, I write separately to acknowledge that the trial court's ruling on the admissibility of Charles Riggins' pre-trial statement was correct. Under the opinion in *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), the statement was admissible as substantive evidence. See *Hawkins v. State*, 175 Ga. App. 606 (2) (333 SE2d 870) (1985). See also *Worthy v. State*, 253 Ga. 661 (4) (324 SE2d 431) (1985); see generally *Bryant v. State*, 174 Ga. App. 676 (1) (331 SE2d 16) (1985). However, the fact remains that Riggins' pre-trial statement is the only evidence connecting appellant with the crime. Since the State did not present evidence in corroboration of his involvement, the majority is correct in reversing the conviction based upon the insufficiency of evidence.

DECIDED JANUARY 6, 1986.

*Roy E. Harkleroad*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Charles P. Taylor, Assistant District Attorney*, for appellee.