## 71578. JACKSON v. THE STATE.
(343 SE2d 122)

CARLEY, Judge.

Appellant was convicted of cruelty to children and, on appeal, enumerates as error the general grounds. The evidence showed that Carol Davis, a neighbor of the two-year-old victim, David Gresham, saw David outside about 4:00 p.m. and observed that he had a knot on his head, a scratch on his face and that his left hand was swollen. Appellant's wife subsequently told Ms. Davis, the doctor who examined David, and a police officer that, at about 3:30 a.m. on the same day, appellant had inflicted the injuries by beating David with his fists. However, at trial, appellant's wife testified that *she* inflicted the injuries on David and that she had earlier said that appellant was the culprit because she was in jail on another charge and did not want to take the "rap" alone. Both appellant and his wife were indicted on a charge of cruel treatment and appellant's wife entered a plea of guilty to that charge. Appellant argues that the evidence was insufficient to support the guilty verdict.

The prior inconsistent statements of the appellant's wife constitute substantive evidence of appellant's guilt. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982); *Gardiner v. State*, 252 Ga. 422, 424 (314 SE2d 202) (1984); *Oliver v. State*, 168 Ga. App. 477 (309 SE2d 627) (1983); *McGowan v. State*, 173 Ga. App. 438, 439 (326 SE2d 805) (1985). However, since appellant's wife was an accomplice in the crime charged, there must be independent corroboration as to the identity and participation of appellant. OCGA § 24-4-8; *Ledford v. State*, 162 Ga. App. 221 (291 SE2d 82) (1982). In addition to the wife's statement implicating appellant, there is testimony by Ms. Davis as to her observation of the victim's injuries. Furthermore, the sister of appellant's wife testified that in the summer of 1983, she had personally observed appellant beating the very same victim with an extension cord. Unlike the facts before the court in *Perryman v. State*, 63 Ga. App. 825 (12 SE2d 392) (1940), this evidence of the appellant's infliction of injuries upon the very same victim is sufficient corroboration of the accomplice's testimony. " 'The conduct of a defendant before, during the time of, and after the commission of a crime may be considered by the jury in establishing his intention and his participation, to determine whether or not such intention and conduct were sufficient corroboration of the testimony of an accomplice to sustain a conviction. This may be done by circumstantial as well as by direct evidence.' " *Potts v. State*, 86 Ga. App. 779, 783 (72 SE2d 553) (1952). Based upon a review of the entire record and construing the evidence in the light most favorable to the prosecution, we find the evidence sufficient under the standard set forth by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., Pope and Benham, JJ., concur. Deen, P. J., and Beasley, J., concur in judgment only. Banke, C. J., Birdsong, P. J., and Sognier, J., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. The sole issue in this case is whether the testimony of appellant's wife, who was charged as an accomplice and pled guilty, was corroborated. In finding that such testimony was corroborated by evidence of a similar offense, the majority relies on *Potts v. State*, 86 Ga. App. 779, 783 (2) (72 SE2d 553) (1952), to support its holding that evidence of a prior similar transaction can be used to corroborate an accomplice's testimony as to identification of the defendant as a participant in the offense charged. However, *Potts* did not involve either corroboration of an accomplice's testimony or the use of evidence of prior similar transactions or crimes for such purposes. Rather, *Potts* dealt with corroboration of the prosecutrix/victim's testimony by showing the *conduct* of the defendant prior to, during and subsequent to commission of the offense charged.

The only Georgia case I have found dealing with the use of a *similar offense* to establish the identity of a defendant as a participant in the offense charged is *Perryman v. State*, 63 Ga. App. 825, 827 (12 SE2d 392) (1940). In that case we held that evidence of a similar crime admitted to show motive, intent, state of mind, etc., *is not sufficient to establish the defendant's connection to the crime charged*. Applying this rule to the facts of the instant case, I find no corroboration of the accomplice testimony, which consisted solely of prior inconsistent statements, not made under oath. Since a person cannot be convicted solely on the uncorroborated testimony of an accomplice, OCGA § 24-4-8, *Black v. State*, 155 Ga. App. 798 (272 SE2d 762) (1980), I would reverse the conviction in this case.

I am authorized to state that Chief Judge Banke and Presiding Judge Birdsong join in this dissent.

DECIDED MARCH 4, 1986 —
REHEARING DENIED MARCH 21, 1986.

*Amy Griffith Dever*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Deborah W. Espy, Assistant District Attorneys*, for appellee.