## 77269. ROSS v. THE STATE.

(380 SE2d 333)

DEEN, Presiding Judge.

The appellant, Rogers Ross, was tried before a jury and found guilty of two counts of selling cocaine. He appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. Appellant enumerates the general grounds. He urges that his convictions are based solely on the uncorroborated testimony of his alleged accomplice, Robert Williams.

The evidence shows that a confidential informant introduced an undercover officer to Williams, the alleged accomplice, on October 30, 1986. The officer asked Williams if he knew a source of cocaine. Williams stated that he did and he agreed to arrange a sale. Williams and the officer drove to the neighborhood where appellant resided. Williams instructed the officer to park in close vicinity to appellant's house. The officer gave Williams $135 for the purchase of cocaine. Although the officer testified that he saw Williams walk to appellant's house, he did not actually see Williams enter appellant's house. After approximately ten minutes, Williams returned to the officer's vehicle with a bag which contained cocaine. The officer gave Williams $20 for his assistance.

The officer then contacted a local GBI agent and reported these events. The GBI agent and the officer made the decision to attempt to make another purchase of cocaine. On November 6, 1986, the officer contacted Williams and expressed a desire to purchase more cocaine. Williams and the officer again drove to a location in close vicinity to appellant's house. The officer parked his vehicle and gave Williams $250 for the purchase of cocaine. As Williams proceeded on foot in the direction of appellant's house, an automobile, which had been parked in front of appellant's house, started towards Williams. Williams entered the automobile. The automobile proceeded down the street and returned approximately twenty minutes later. Williams exited the automobile and returned to the officer's vehicle carrying a bag which contained cocaine. The officer gave Williams $20. With regard to the description of the automobile and its occupants, the of-

ficer testified that: "It was a dark-colored car, sir, was all I could tell you. It looked like two or three black males in it. I could not describe the people in it." The GBI agent, who was conducting surveillance on appellant's house during the sale, testified that he had seen an older black automobile in the area but could not identify any of its occupants. The GBI agent also testified that the automobile which appellant customarily drives, a silver Mercury Zephyr, had been parked in the yard of appellant's house at the time of the sale. No evidence as to the ownership of the dark-colored car was introduced at trial.

Williams was himself charged with two counts of selling cocaine and he subsequently negotiated a plea of guilty to one count. At appellant's trial, Williams testified that he had purchased cocaine from appellant at appellant's residence on October 31, 1986. Williams also testified that appellant had been in the dark-colored automobile November 6, 1986 and that appellant had sold him cocaine on that occasion.

There is no dispute that the witness actually procured the cocaine for the undercover agent, and that this witness' separate indictment for the offense of selling cocaine was warranted. The evidence authorized a finding that the supplier and the witness, in procuring the cocaine for the undercover agent for a fee, acted separately and with the intent of furthering only their own individual pecuniary interests. In other words, the evidence could support a finding that two criminal acts occurred, i.e., sale by the supplier to the "middle man" and sale by the "middle man" to the undercover agent, and that no principal/accomplice relationship existed between the supplier and the "middle man," thus eliminating the requirement of corroboration of the "middle man's" testimony.

In *Milton v. State*, 248 Ga. 192, 196 (282 SE2d 90) (1981), the Supreme Court noted that "[t]he fact that a witness was jointly indicted with the defendant on trial does not of itself render such witness an accomplice. [Cit.] In *Almand v. State*, 149 Ga. 182 (1b) (99 SE 795) (1919), the court held that it was not error to submit to the jury the question of whether a witness for the State was or was not an accomplice even where the witness had confessed to being an accomplice and had been jointly indicted with the defendant on trial. [Cit.]" Under the circumstances of the instant case, the question of whether or not the "middle man" was an accomplice was no less a matter for the jury, and not for this appellate court.

Viewing the evidence in the light most favorable to uphold the verdict, as this court is required to do, we conclude that a rational trier of fact could find the appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant's remaining enumerations of error also are with-

out merit.

*Judgment affirmed. McMurray, P. J., Banke, P. J., Pope and Benham, JJ., concur. Beasley, J., concurs specially. Carley, C. J. Birdsong and Sognier, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I concur in affirmance but on a different basis than registered by my brethren.

I agree with the dissent to the extent that there was evidence from which the jury could find that Williams was defendant's accomplice. The majority opinion points out that it is a jury question, citing *Almand v. State*, 149 Ga. 182 (1b) (99 SE 795) (1919). While there may be circumstances from which the status of accomplice may arise as a matter of law, the court in this case left the question to the jury to determine as a matter of fact. It instructed: "Now, as to whether or not any witness in this case was an accomplice is a question for you to determine from the evidence in the case."

Some of the evidence which would support such a finding was that Williams participated in the sale of cocaine by defendant to the undercover officer who initiated it, by taking him to his source and exchanging money supplied by the agent for cocaine, which Williams then directly delivered to him, receiving some monetary compensation for his service as a procurer.

Like defendant, he was indicted for the sale of cocaine on the two occasions, which obviously meant the sale to the officer and not the narrow part of the transaction wherein he exchanged government money for the cocaine the agent was buying from Williams' source. The jury had that indictment as evidence. Although the State argued that defendant was charged with the sale of cocaine to Williams, the indictment does not allege to whom the sale was made, and the evidence focused on the sale to the officer. The undercover agent referred to Williams as the "mule," "runner," "in-between man." Thus the jury was authorized to consider defendant's guilt as it related to the sale of cocaine to the officer, in which context Williams was a party participating as a conduit between, as the agent testified, the "supplier" and the "buyer." OCGA § 16-2-20.

If the jury found that Williams was an accomplice, it was obliged, as the court correctly instructed it, to acquit defendant unless Williams' testimony connecting defendant with the crime of the sale of cocaine was corroborated. That is, Williams' testimony and particularly his identification of defendant as the person with whom the exchange of the money for cocaine occurred could not be the sole evidence of defendant's participation in the transaction. *West v. State*, 232 Ga. 861, 864 (2) (209 SE2d 195) (1974). As quoted by the dissent, there must be evidence of this fact "independent of the accomplice's

testimony." *Milton v. State*, 248 Ga. 192, 196 (282 SE2d 90) (1981). This stems from OCGA § 24-4-8.

That corroborating evidence need only be slight, however, as the trial court accurately charged the jury. *Inman v. State*, 182 Ga. App. 209 (355 SE2d 119) (1987). Of course, it must be more than such as merely casts on defendant a grave suspicion of guilt. *Hill v. State*, 236 Ga. 831, 834 (225 SE2d 281) (1976). The slight corroborating evidence of participation plus the accomplice's testimony must then constitute, under the rule of, as required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), sufficient evidence upon which a rational trier of fact could find the defendant guilty beyond a reasonable doubt.

As to the corroborating evidence, "[t]he quantum of testimony and its sufficiency to corroborate the testimony of an accomplice before a jury is a matter addressed entirely to the jury itself." *Brown v. State*, 163 Ga. 684, 691 (137 SE 31) (1927).

Here there was evidence that defendant had pled guilty to possession of cocaine found in his car just two years earlier and for which he was serving probation at the time of the offenses on trial. The earlier incident also involved an aborted sale through another person. Its particulars connected defendant with the current similar crimes by showing modus operandi as well as identity "so as to lead to an inference of guilt," and thus differs from the fact pattern in *Perryman v. State*, 63 Ga. App. 825, 827 (12 SE2d 392) (1940).

On the two occasions on trial, the officer was taken to defendant's residence for the sole purpose of purchasing cocaine, by an unsuspecting procurer, Williams. On the first trip, the house was pointed out by Williams. The agent saw Williams go up to it with the agent's money and, although he did not see Williams actually enter, he saw him at the entrance and later come out. Williams came directly to the car, with cocaine. One officer knew this to be defendant's residence from the offense two years earlier. On the second trip about a week later on November 6, a car known to be defendant's from that prior offense was parked in the yard. A car was parked right in front of defendant's house and the two occupants picked Williams up as he walked to the house. When he returned to the officer, he brought cocaine.

These facts "add to the testimony of the accomplice," in the words of *Childers v. State*, 52 Ga. 106, 113 (1874). They, and the reasonable inferences which the jury was permitted to draw, OCGA § 24-4-9 and *Johnson v. State*, 148 Ga. App. 702, 703 (1) (252 SE2d 205) (1979), constitute at least that slight evidence which authorized the jury to consider it independently supportive of Williams' direct testimony identifying defendant as the source of the cocaine sold, so that the evidence in its totality supports the jury's verdict and the judgment of the court based thereon.

CARLEY, Chief Judge, dissenting.

The majority finds no merit in the general grounds. In my opinion, the evidence would demand a finding that Robert Williams was appellant's accomplice in the cocaine sales. It is also my opinion that the only evidence connecting appellant to the cocaine sales was the uncorroborated testimony of Williams. Accordingly, I believe that we are constrained to reverse appellant's conviction on the general grounds. I must, therefore, respectfully dissent.

According to the majority, the jury was authorized to find that Williams was not appellant's accomplice because, in each instance, two separate and independent sales were made, a sale from appellant to Williams and an independent subsequent sale from Williams to the officer. The evidence does not support this analysis. To the contrary, the evidence affirmatively shows that Williams did not make his own independent sales of cocaine but rather served as the middleman for the sales between appellant and the officer. Construing the evidence most favorable for the State, Williams simply passed the money that he had received from the officer to appellant and, in turn, he gave the officer the cocaine that he had received from appellant. For providing this service of exchanging the officer's money for appellant's cocaine, Williams was paid $20 by the officer at the conclusion of each of the transactions. "The definition of an accomplice is one who is present at the commission of a crime, aiding and abetting the perpetrator. [Cits.]" *Herrin v. State,* 138 Ga. App. 729, 734 (11) (227 SE2d 498) (1976), overruled on other grounds, *Patterson v. State,* 238 Ga. 204 (232 SE2d 233) (1977). " 'The test is whether [the witness] *could . . .* have been also indicted in the instant case, as participating in this particular crime, either as [a principal] or as [an accessory]. [Cits.]' [Cit.]" (Emphasis supplied.) *Payne v. State,* 135 Ga. App. 245, 247 (217 SE2d 476) (1975). Williams not only *could* have been indicted as a party to the transactions, he was *in fact* indicted for his participation in them. Thus, Williams was clearly appellant's accomplice.

Since Williams was, as a matter of law, appellant's accomplice, the issue becomes whether there was sufficient independent evidence corroborative of appellant's participation in both sales of cocaine. " 'The law is settled in Georgia that the corroborating facts or circumstances must connect the defendant to [the] crime or lead to the inference that he is guilty, and that such corroboration must be *independent* of the accomplice's testimony. [Cits.]. . . . Under [OCGA § 24-4-8], testimony which concerns the identity of other participants must be corroborated by some means independent of the testimony of the accomplice. One who is guilty of a crime in which he participated will always be able to relate to facts of the case and if the corroboration goes only to the truth of that history, without identifying the person accused, it is really no corroboration at all.' [Cit.]" (Emphasis

in original.) *Milton v. State*, 248 Ga. 192, 196 (282 SE2d 90) (1981). "[W]here the defendant is charged with the commission of several offenses, there must be corroborating evidence for each offense charged. [Cit.]" *Davis v. State*, 154 Ga. App. 803, 804 (1) (269 SE2d 874) (1980). Accordingly, the evidence of record must be examined to determine whether the State carried its burden with respect to both counts of the indictment.

As to Count 1, wherein appellant was charged with the October sale of cocaine, the officer's testimony that Williams walked to appellant's house and returned a short time later with the cocaine was not sufficient, independent corroboration of appellant's participation in the sale of cocaine. The officer never saw Williams *enter* appellant's home. Moreover, even assuming that the officer's testimony did independently corroborate Williams' testimony that he had actually gone into appellant's house, this would merely corroborate that appellant's house was the scene of the sale of the cocaine. It would not corroborate Williams' testimony that appellant was the individual who had actually made that sale. "It is not sufficient that the accomplice is corroborated as to time, place and circumstances of the transaction if there is nothing to show any connection of the defendant therewith except the statement of the accomplice. [Cit.]" *Haygood v. State*, 172 Ga. App. 271, 273 (1) (322 SE2d 513) (1984). The State offered no evidence to show that the residence, which was identified only as "appellant's house," was rented or owned by appellant, that he did not share the premises with anyone else, or that he was even in the house on October 30, 1986. Although, after the second sale, the officers obtained a warrant to search the premises, they chose not to execute it. Accordingly, other than the accomplice's testimony, there is absolutely no evidence which connects appellant and drugs at the location identified as "appellant's house." "The rule is well settled in this state that to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crimes or lead to the inference that he is guilty, and which are more than sufficient to merely cast on the defendant a grave suspicion of guilt. [Cits.]" *Reaves v. State*, 242 Ga. 542-543 (1) (250 SE2d 376) (1978). "Such corroboration evidence may be direct or circumstantial [(cits.)], but if it is entirely circumstantial and is as consistent with the accused's innocence as his guilt, it is insufficient to sustain a verdict of guilty by corroborating the accomplice's testimony. [Cits.]" *Haygood v. State*, supra at 273 (1). The circumstantial evidence of record as to the October 30, 1986 sale does not meet this standard. See generally *Reed v. State*, 127 Ga. App. 458 (1) (194 SE2d 121) (1972).

As to the November 6, 1986 sale, the corroboration is even less

sufficient. The State's other witnesses could not independently corroborate the accomplice's testimony that appellant was an occupant of the dark-colored vehicle and none of them could even identify that vehicle as belonging to appellant. Compare *Hardaway v. State*, 188 Ga. App. 310 (1) (372 SE2d 845) (1988); *Bennett v. State*, 156 Ga. App. 617 (275 SE2d 701) (1980). Accordingly, the most that can be said is that there was independent corroboration of the accomplice's testimony that a sale of cocaine took place in a dark-colored vehicle which was parked in front of appellant's house. That the dark-colored car was parked in front of the house identified as appellant's is certainly not evidence which sufficiently corroborates appellant's identity as an occupant of the dark-colored car where the cocaine sale transpired. A holding that the location of the dark-colored car in front of appellant's house is sufficient to corroborate Williams' identification of appellant as the perpetrator of an offense which occurred in the dark-colored car would authorize the conviction of anyone who was accused by an accomplice and happened to live in close proximity to a crime scene. Evidence that appellant's own car was parked in his yard at the time of the sale likewise does not provide sufficient corroboration that appellant was an occupant of the dark-colored car where the cocaine sale transpired. The relevant inquiry is whether there was corroboration as to appellant's presence in the dark-colored car, and whether appellant's own car was parked in his yard is meaningless. It is as consistent with his exculpatory presence in his house as with his inculpatory presence in the dark-colored car. There was simply no independent corroboration that the November sale was made by appellant.

Evidence of appellant's 1984 prior conviction for possession of cocaine does not constitute independent corroboration of appellant's involvement in the two 1986 sales. The instant case is factually indistinguishable from *Perryman v. State*, 63 Ga. App. 825 (12 SE2d 392) (1940). In *Perryman*, the defendant was charged with sodomy and prior instances of the defendant's commission of acts of sodomy were admitted into evidence. Here, appellant was charged with two counts of selling cocaine and a prior instance of appellant's possession of cocaine was admitted into evidence. Here, as in *Perryman*, there is no factual connection whatsoever between appellant's prior crime and the presently charged offenses. Accordingly, the evidence of appellant's prior similar act "connects *not in the slightest*, the defendant with the crime charged in the instant case. The necessity that testimony or circumstances must connect, to corroborate, is absolute; they must directly connect the defendant with the crime independently of the testimony of the accomplice, or connect him indirectly or circumstantially, so as to lead to an inference of his guilt. [Cits.]. . . . '[T]he [1984 crime of possession was] clearly [not] *interwoven and linked*

[connected] with the *facts* of the [two 1986] crime[s] charged. . . ." (Emphasis in original.) *Perryman,* supra at 827. Since the 1984 occurrence was clearly a separate incident and not interwoven in the facts of the crime charged, it does not constitute independent evidence corroborating Williams' testimony as to appellant's participation in the alleged 1986 crimes. Compare *Jackson v. State,* 178 Ga. App. 378 (343 SE2d 122) (1986); *Brown v. State,* 163 Ga. App. 661 (1) (295 SE2d 581) (1982); *Rakestraw v. State,* 155 Ga. App. 563, 564 (2) (271 SE2d 696) (1980).

" 'The question of the sufficiency of corroboration is a jury question, yet an appellate court has the duty of determining as a matter of law whether there is any corroborating testimony of an accomplice. [Cit.] Here, there was no corroboration; the verdict of guilty . . . cannot stand.' [Cit.]" *Shumake v. State,* 159 Ga. App. 141, 142 (1) (282 SE2d 756) (1981). See also *Black v. State,* 155 Ga. App. 798 (272 SE2d 762) (1980).

Accordingly, I must dissent to the majority's affirmance of appellant's conviction.

I am authorized to state that Judge Birdsong and Judge Sognier join in this dissent.

DECIDED MARCH 13, 1989.

*Short & Fowler, Larkin M. Fowler, Jr., Thomas S. Bishop,* for appellant.

*J. Brown Moseley, District Attorney, Ronald S. Smith, Assistant District Attorney,* for appellee.