A89A1869. MERRIFIELD v. THE STATE.
(392 SE2d 725)

Carley, Chief Judge.

Appellant was tried before a jury and found guilty of two counts of selling cocaine and one count of trafficking in cocaine. He appeals from the judgments of conviction and sentences that were entered by the trial court on the jury's guilty verdicts.

1. The three crimes occurred over a four-day period. Each involved the sale of an increasingly greater quantity of cocaine to the same undercover officer. The negotiations preceding each sale were similar and all three sales were eventually consummated at the same location. Each sale was arranged through and made by an accomplice rather than by appellant directly. However, the accomplice testified that on all three occasions the cocaine that he sold to the officer had been supplied by appellant. Appellant concedes that, as to the third and final sale, the accomplice's inculpatory testimony was sufficiently corroborated. As to the first two sales, however, appellant urges that the accomplice's inculpatory testimony was not corroborated and that his convictions for those two sales must, therefore, be reversed.

" ' "The conduct of a defendant before, during the time of, and after the commission of a crime may be considered by the jury in establishing his intention and his participation, to determine whether or not such intention and conduct were sufficient corroboration of the testimony of an accomplice to sustain a conviction. This may be done

by circumstantial as well as by direct evidence." ' [Cit.]" *Jackson v. State*, 178 Ga. App. 378 (343 SE2d 122) (1986). Such corroborating conduct includes the defendant's commission of similar transactions which " 'were clearly *interwoven and linked* (connected) with the *facts* of the crime charged. . . .' " (Emphasis in original.) *Perryman v. State*, 63 Ga. App. 825, 827 (12 SE2d 392) (1940). See also *Jackson v. State*, supra. The three sales of cocaine at issue in the instant case were clearly interwoven and linked, occurring as they did over a short span of time and under almost identical circumstances. It is clear the third and final sale, the sufficient corroboration of which is undisputed, would have been admissible as probative corroborating evidence had the first two sales each been tried separately. *Jackson v. State*, supra. Therefore, it would be anomalous to hold that that same evidence would not be admissible and probative for the same purpose simply because all three sales were tried jointly rather than separately. Accordingly, we hold that the corroborated testimony of the accomplice as to appellant's participation in the third and final sale was sufficient to corroborate the accomplice's testimony as to appellant's participation in the two other sales and that the evidence was sufficient to authorize a rational trior of fact to find appellant guilty of all three charges beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At the time of his arrest after the third and final sale, the accomplice had a small packet of cocaine in his possession. The accomplice testified that, when he met with appellant to pick up the cocaine that was to be sold to the undercover officer, appellant had given him the packet. Urging the State's failure to comply with Rule 31.3 of the Uniform Rules for the Superior Courts, appellant objected that this testimony concerning his giving of the packet of cocaine to the accomplice was inadmissible evidence of his commission of a separate similar crime. The overruling of this objection is enumerated as error.

Under the circumstances, "we find that the alleged similar transaction evidence was part of the res gestae of the crimes charged. Consequently, the trial court did not err in allowing the State to introduce this evidence at trial. [Cit.]" *Williams v. State*, 182 Ga. App. 849 (357 SE2d 301) (1987).

3. On direct examination of the accomplice, the State established that it had made a deal with him for his testimony against appellant. Four counts of violating the Georgia Controlled Substances Act had been reduced to two and he had pled guilty to those two counts and received a sentence of two years of incarceration which he was then serving. On cross-examination of the accomplice, appellant was allowed to pursue this topic. Appellant was not, however, allowed to ask the accomplice if he had been told when he could expect to be released. The trial court's refusal to allow this question to be posed to

the accomplice is enumerated as error.

The State's deal with the accomplice and the sentence that he received as the result of that deal were presented to the jury. Obviously, the State had no influence on the accomplice's actual release date. That date would be determined by the accomplice's own behavior during his incarceration. "The trial court appropriately exercised its sound discretion to determine the extent of cross-examination when the questions left the area [of the State's deal for the accomplice's testimony] and went to [his actual date of release]." *Baptiste v. State*, 190 Ga. App. 451, 454 (3) (379 SE2d 165) (1989).

*Judgments affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Divisions 1 and 2 and in the judgment.*

DECIDED MARCH 6, 1990.

*Harrison & Harrison, Samuel H. Harrison*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.