## A98A0747. GREEN v. THE STATE.
### (503 SE2d 339)

Judge Harold R. Banke.

Nathaniel Deshawn Green was convicted of armed robbery and possession of a firearm during the commission of a felony. He enumerates two errors on appeal.

This case arises from the armed robbery and fatal shooting of a Citgo gas station clerk committed by Donald Demetrius Hall, Green's confederate. Green, the leader of the Rolling 30 Crypts, wanted to advance Hall's rank in the gang. To that end, he decided to order Hall to rob the Citgo station. Weeks before the offenses occurred, Green confided to an acquaintance, Joshua Milledge, that he intended to send Hall to rob the station, which was near Hall's house.

After the offenses, Hall contacted police and immediately became a suspect, although his statement implicated a rival gang member. Milledge reported Green's involvement after being arrested and charged with the crimes at issue here. The State dropped those charges and negotiated a favorable plea on two other unrelated charges, and Milledge testified against Green at trial. Milledge claimed that he offered this information before he made the deal with authorities. One of the primary investigators in the case testified that he had no evidence against Milledge and could not say why he

was indicted. He explained that Green had first brought up Milledge's name. *Held*:

1. Green maintains that Milledge was an accomplice and, as such, his testimony, without more, was insufficient to sustain the conviction. We disagree.

The fact that a witness was jointly indicted with the defendant does not of itself render him an accomplice. *Ross v. State*, 190 Ga. App. 735, 736 (1) (380 SE2d 333) (1989). The jury, which was instructed that an accomplice's testimony alone is insufficient to support a conviction, implicitly found that Milledge was not an accomplice. Id. (a witness' status as an accomplice may be a jury question). Because the record contains no evidence of Milledge's participation in these crimes, we must affirm that conclusion. *Collins v. State*, 251 Ga. 521, 523 (1) (a) (307 SE2d 496) (1983).

2. Green further asserts that the verdict was contrary to the weight of the evidence presented at trial because Milledge's testimony was not credible. Appellate courts do not weigh the evidence on appeal. *Willis v. State*, 263 Ga. 597, 598 (1) (436 SE2d 204) (1993). Instead, this Court reviews the evidence, in the light most favorable to the verdict, solely for its sufficiency. *Walton v. State*, 194 Ga. App. 490, 492 (5) (390 SE2d 896) (1990). Here, the record shows that Green planned the robbery and selected the target and the perpetrator. This evidence was sufficient for the jury to find him a party to the crimes under both OCGA § 16-2-20 (b) (3) and (4); *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 25, 1998.

*Farkas & Ledford, Thomas G. Ledford*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.