A98A1674. SIMPSON v. THE STATE.
(507 SE2d 860)

Judge Harold R. Banke.

Jimmy Collins Simpson was convicted of child molestation and statutory rape. He enumerates three errors on appeal.

This case arose after Simpson moved in with the victim's older sister, who was also the victim's legal guardian. After the 13-year-old victim appeared withdrawn and exhibited gynecological problems, her sister decided to take her to the doctor. Upon learning of this decision, the victim "had a fit," until she finally told her sister that she did not want to go because Simpson had "messed with her sexu-

ally . . . several times."

The sister contacted the appropriate authorities, and Simpson was indicted on the two counts, both of which were alleged to have occurred during the same one-month period. The first, child molestation, charged that Simpson fondled the victim's vagina. The statutory rape count charged that Simpson engaged in sexual intercourse with the victim. *Held*:

1. Simpson maintains the trial court erred in admitting as res gestae evidence of a third incident of sexual abuse which the child reported to the State only days before trial, notwithstanding lack of proper notice under Uniform Superior Court Rule 31.1.

Nothing in USCR 31.1 prohibits the introduction of similar transaction evidence which is " 'immediately related in time and place to the charge being tried, as part of a single, continuous transaction.' [Cit.]" *Paradise v. State*, 212 Ga. App. 166, 168 (2) (441 SE2d 497) (1994). " 'Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue.' [Cits.]" *Burton v. State*, 212 Ga. App. 100 (1) (441 SE2d 470) (1994).

Although the indictment charges that the offenses occurred during a one-month period in December 1996, the record shows that the various events at issue occurred within a few days, with Simpson's behavior escalating from touching the victim's breast to mutual genital stimulation, to intercourse. At trial, the young victim agreed that the purported similar transaction, an additional act of intercourse, occurred "a few days" after Simpson and she first had intercourse.

In *Burton*, we found that evidence of such escalating unindicted sex acts occurring over the same two-week period in which the indicted offenses were committed was properly admitted as res gestae. *Burton*, 212 Ga. App. at 100 (1). We further observed in *Branam v. State*, 204 Ga. App. 205, 208 (5) (419 SE2d 86) (1992), that repeated unindicted acts of sexual abuse which occurred over several months constituted res gestae. See *Close v. State*, 195 Ga. App. 652, 654 (2) (394 SE2d 563) (1990); *Merrifield v. State*, 194 Ga. App. 734, 735 (2) (392 SE2d 725) (1990); *Garrett v. State*, 188 Ga. App. 176, 177 (2) (372 SE2d 506) (1988). This authority precludes a finding that the trial court abused its discretion in admitting the evidence at issue. *Altman v. State*, 229 Ga. App. 769, 770 (3) (495 SE2d 106) (1997).

2. Simpson argues that his statutory rape conviction cannot stand absent corroboration of the victim's testimony. While this is a correct statement of the law, the requisite quantum of corroboration is slight evidence, so long as it tends to prove the incident occurred as alleged. *Collins v. State*, 229 Ga. App. 658, 660 (1) (b) (495 SE2d 59) (1997). Thus, the victim's prior consistent statements, as recounted

by their recipients, can satisfy OCGA § 16-6-3's corroboration requirement. *Turner v. State*, 223 Ga. App. 448, 450 (2) (477 SE2d 847) (1996).

Here, the victim told both her sister and the investigator for the Department of Family & Children Services that Simpson had sexually abused her. Notwithstanding Simpson's contention to the contrary, the victim's various statements to others, while differing in the degree of detail, are not conflicting. In addition, the examining physician testified that the victim's hymen was not intact. See *Farmer v. State*, 215 Ga. App. 243, 244 (450 SE2d 271) (1994). Taken as a whole, such evidence was sufficient to corroborate the victim's testimony.

3. The trial court did not commit reversible error by admitting sexually explicit letters Simpson wrote to the victim's sister. "When a defendant is charged with sexual offenses, pornographic videotapes and pictures found lawfully in his possession are relevant and admissible . . . to show defendant's lustful disposition." *Altman*, 229 Ga. App. at 771 (4). It follows that a pornographic letter the defendant composed would be admissible for the same purpose. *Miller v. State*, 219 Ga. App. 213, 217 (3) (464 SE2d 621) (1995) (video of child molester committing autoerotic acts admissible).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 15, 1998 —

*Carl S. Free*, for appellant.
*Darrell E. Wilson, District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.