A05A2166. ENOCH v. THE STATE.
(626 SE2d 160)

ELLINGTON, Judge.

A Colquitt County jury found Kenneth Enoch guilty beyond a reasonable doubt of sale of cocaine, OCGA § 16-13-30. Enoch appeals, challenging the sufficiency of the evidence. Finding no error, we affirm.

On appeal, this Court reviews the evidence presented in the light most favorable to the prosecution, and the defendant no longer enjoys a presumption of innocence. *Jackson v. Virginia,* 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Milton v. State,* 272 Ga. App. 908, 909 (614 SE2d 140) (2005).

Viewed in the light most favorable to the prosecution, the record shows the following facts. On May 20, 2004, three drug enforcement officers went undercover to an area of Moultrie where there had been complaints of drug activities. The first group of people the officers solicited did not sell them cocaine. As the officers drove away from that group, Enoch approached their vehicle, waved them to continue down the street, and followed on foot. The officer who was driving the vehicle asked Enoch for a "twenty" of crack cocaine. Enoch responded that he had to go get it and asked for the money up front. The officer asked for something to hold as security for his money, and Enoch left his driver's license. Enoch took the officer's money, returned after about five minutes, delivered two pieces of crack cocaine, and retrieved his identification from the officers.

At trial, Enoch testified that he had just finished consuming crack when the officers' vehicle drove by and he heard the vehicle's occupants talking about not being able to purchase drugs from the first group. The driver then asked if Enoch had any crack cocaine, and Enoch responded, "No, but [although the first group] won't sell it to you[,] [t]hey'll probably sell it to me." Enoch admitted that he took $20 from the driver, purchased crack cocaine with the money, and then delivered the drugs to the driver. As an addict, Enoch was always

interested in obtaining his next fix, and he hoped that by assisting in the transaction in this manner he would be rewarded either by the drug dealer or by the buyer with a small quantity of cocaine or some money. When this failed to materialize, he asked for some cigarettes and an officer gave him three.

Enoch contends that the State presented no evidence that he acted contrary to law. Specifically, Enoch contends that the evidence established that law enforcement officers enlisted him in their quest to collect evidence against a suspected drug dealer and, therefore, "implicitly extended [to him] the same authority as other informants to possess, transport, and purchase narcotics with impunity." In comparing himself to a confidential informant, Enoch ignores the important distinction that an informant participating in a controlled buy knowingly operates under an agreement with law enforcement officers and understands that he is possessing, transporting, or purchasing narcotics on behalf of and at the direction of law enforcement. Under such circumstances, the informant lacks the requisite criminal intent with respect to the agreed upon activities. See Elaine Marie Tomko, Criminality of Act of Directing To, or Recommending, Source from Which Illicit Drugs May Be Purchased, 34 ALR5th 125, § 9 (b).

In this case, on the other hand, there is no evidence Enoch believed the buyers were law enforcement agents or that he intended to participate in their sting operation. Rather, the evidence established that Enoch knowingly accepted money from a person who asked to buy cocaine and gave cocaine in exchange, intending to obtain drugs, money, or other remuneration for himself. Regardless of whether Enoch's role in the transaction can best be characterized as that of a drug dealer, a middle man, a conduit or procuring agent, or a mule, he was a party to the sale of cocaine, as charged in the indictment. *Little v. State*, 230 Ga. App. 803, 804-805 (1) (498 SE2d 284) (1998); *Ross v. State*, 190 Ga. App. 735, 736 (1) (380 SE2d 333) (1989).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 9, 2006.

*Terry L. Schwock*, for appellant.

*J. David Miller, District Attorney, Brian A. McDaniel, Assistant District Attorney*, for appellee.